## FOX *v.* QUINN.

(*Common Pleas of New York City and County, Special Term.* March 18, 1890.)

PRACTICE IN CIVIL CASES—PREFERENCE ON CALENDAR—WAIVER.

Under Code Civil Proc. N. Y. § 793, as amended by Sess. Laws 1888, c. 497, which provides that causes shall not be preferred on the calendar unless the application therefor is served with the notice of trial, the service of a notice of trial without the notice for a preference is a waiver of the preference; and the unnecessary service of a new notice of trial does not revive the right to a preference after it has been so waived.

Action by Patrick J. Fox against Daniel F. Quinn, as executor, etc. Plaintiff moved to have the cause preferred. The notice of application for the preference was served with a notice of trial, but it appeared that the cause had been previously noticed for trial by plaintiff without a notice of application for a preference, and that the cause was then placed upon the calendar, where it now stands awaiting trial.

*Lewis Johnston* and *John McGuin,* for plaintiff. *James A. O'Gorman,* for defendant.

DALY, J. By the amendment to section 793 of the Code passed in 1888, (chapter 497, Sess. Laws,) causes entitled to a preference cannot have such preference upon the calendar unless notice of application therefor is served with the notice of trial. Before the amendment in question, those cases in which the right to a preference depended upon facts which did not appear in the pleadings could only have their preference upon the calendar by the

procuring of an order made upon notice, and such order had to be served with, or before, the notice of trial; and it was held that, where a notice of trial was served before making the motion, the right to have the cause preferred was waived. *City Nat. Bank* v. *Nat. Park Bank*, 62 How. Pr. 495. Under the present practice, the notice of motion in every case must be served with the notice of trial, and upon the same principle upon which the above decision was made, the right to have the cause preferred must be deemed to be waived if this is not done. I am referred to the order made in the case of *Matthews' Adm'r* v. *Gebhardi*,[1] in the supreme court, (May 3, 1889,) where a motion for preference was granted although made after service of notice of trial; but that case is not distinguished from the decision of the same court, in the same department, in the *Bank Case*, above cited; and, under the stringent provisions of the amendment of 1888, I think we are bound to hold, upon the authority of the latter case, that the service of a notice of trial without the notice for a preference is a waiver of the preference, and that it cannot be subsequently claimed. The service of a new notice of trial does not revive the right to a preference after it has been so waived, there being no necessity for such new notice of trial. Motion denied, with $10 costs to abide event.