## RITCHIE v. SEABOARD NAT. BANK.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

PRACTICE IN CIVIL CASES—PREFERRING CAUSE ON CALENDAR.

Under Code Civ. Proc. § 793, providing that a party desiring preference of a cause on the calendar must "serve on the opposite party, with his notice of trial, a notice that an application will be made to the court at the opening thereof, for leave to move the same as a preferred cause," a cause cannot be preferred where no notice of trial has been served.

Appeal from trial term.

Action by Albert Ritchie, as receiver, against the Seaboard National Bank. From so much of an order as denied plaintiff's motion for a preference of the cause, plaintiff appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

William D. Tyndall, for appellant.

Herman Asron, for respondent.

BISCHOFF, J. The determination below that the plaintiff's motion for a preference should be denied is clearly to be supported. In order that the right to a preference under section 791 of the Code of Civil Procedure may be preserved and successfully invoked, it is essential that the party desiring the preference "serve upon the opposite party, with his notice of trial, a notice that an application will be made to the court at the opening thereof, for leave to move the same as a preferred cause." Code Civ. Proc. § 793. In the present case, no notice of trial having ever been served, it results that the plaintiff's failure to comply with the statutory requirements deprived him of the benefit sought to be availed of. Fox v. Quinn, 12 N. Y. Supp. 725. Order affirmed, with costs.