(23 Misc. Rep. 252.)

### PORATH v. O'SHAUGHNESSY.

(City Court of New York, General Term. March 28, 1898.)

1. SHORT-CAUSE. CALENDAR—NOTICE.
   Section 793, Code Civ. Proc., requiring that a party desiring a preference shall serve with his notice of trial a notice of motion therefor, is not complied with by merely inserting in the notice of trial a statement that plaintiff claims a preference.

2. SAME.
   The fact that a cause is entitled to a preference, under section 791, Code Civ. Proc., does not determine its right to a place on the "short-cause calendar" of the city court.

Appeal from special term.

Action by Amelia Porath, an infant, by Katerina Porath, her guardian, against Sarah J. O'Shaughnessy. From an order granting plaintiff's motion to place the action on the short-cause calendar, defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

S. P. Cahill, for appellant.

Melvin G. Palliser, for respondent.

O'DWYER, J. The action was at issue by the service of an answer on October 18, 1897, and a notice of trial was served by the plaintiff on the 19th day of January, 1898. Thereafter, on the 28th day of January, 1898, plaintiff served a notice of motion to place this action on the short-cause calendar under section 791, subd. 5, Code Civ. Proc., and with said notice of motion served an affidavit in support of the same, setting forth the right of the plaintiff to a preference. The plaintiff, in order to avail herself of the right to a preference under section 791 of the Code of Civil Procedure, should have at the time of the service of the notice of trial served therewith a notice of motion in accordance with provisions of section 793, Id. The plaintiff in her notice of trial set forth an allegation "that plaintiff claims a preference for the reason that the sole plaintiff is an infant." This certainly did not cover or fulfill the requirements of section 793 in regard to serving

a notice of motion for preference with the notice of trial, for the material part of that section on this appeal distinctly says: "But the party desiring a preference of any cause shall serve upon the opposite party with his notice of trial a notice that an application will be made to the court at the opening thereof. * * *" By the special rules of this court, the application can be made at the special term instead of the trial term of this court; but rule 14 of the city court rules does not purport to and can in no way override the distinct and clear provisions of section 793, which in its reservation or exception only allows the court to designate the time at which, or the place where, the application can be made. It has been held that when the notice of trial does not contain, or is not accompanied with, the notice of motion for preference, the party desiring to move the cause on the preferred calendar thereby waives his right. Railway Co. v. Dunn, 13 Civ. Proc. R. 166; Fox v. Quinn (Com. Pl.) 12 N. Y. Supp. 725. Furthermore, the cause has no place on the short-cause calendar. That calendar is concerned with the trial of causes on action on contract that can be tried within one hour, and before placing a cause thereon it is necessary to make it appear that the same can be tried within that time. Rule 14, City Court Rules. This action is brought to recover damages for personal injuries sustained through the negligence of the defendant. The order appealed from should be reversed, with $10 costs, and the motion denied, without costs.