the undertaking was given; that in that action the defendant failed to comply with section 1725 of Code, in that the defendant in that action, who is the plaintiff in this action, failed to serve within the time allowed him for the notice of trial upon the plaintiff's attorney a notice that the defendant demands judgment for the return of the chattel, or its value, in that action, either with or without damages for the detention thereof; and that in that action the defendant, who is the plaintiff in this action, failed to furnish the court upon the trial of the action a copy of such notice, together with the proof of service thereof. And we put in evidence the judgment roll in that action, in which this undertaking was given, and both sides rest."

The appellants contend that the court in the action of McCobb against Christiansen had no jurisdiction to award the possession of the chattels to the defendant, or damages for his special property therein, because the defendant therein had not served the notice required by section 1725 of the Code. The court in that action had acquired jurisdiction over the parties and the subject-matter of the action. The judgment, therefore, is valid until reversed or vacated, and the surety will not be heard to attack it in an action to enforce the provisions of the undertaking while it remains valid as against his principal.

Judgment affirmed, with costs.

---

(28 Civ. Proc. R. 262.)

### HAMILTON v. FOURTH ESTATE CO.

(City Court of New York. December 5, 1898.)

SHORT-CAUSE CALENDAR—NOTICE.

    Code Civ. Proc. § 793, requiring the party desiring a preference to serve a notice of motion therefor with his notice of trial, is not complied with by merely including in the notice of trial a statement that a preference is claimed, in spite of special rule 14 of the city court of New York, authorizing a party entitled to a preference to have the cause placed on the special calendar for trial, on motion made at special term, since said rule cannot override the provisions of the Code.

Action by one Hamilton against the Fourth Estate Company. Heard on motion by plaintiff to place the cause on the short-term calendar for a trial, pursuant to Code Civ. Proc. § 793. November 16, 1898, plaintiff served notice of trial for November 22, 1898, the notice stating that an application to place the cause on the short-term calendar would be made on November 22. No motion to that effect was made, and on December 1, 1898, plaintiff served notice of the present motion, returnable December 5th. Motion denied.

Thomas Allison, for the motion.

Campbell & Hance (H. H. Walker, of counsel), opposed.

O'DWYER, J. Motion for a preference denied. See Porath v. O'Shaughnessy, 23 Misc. Rep. 252, 51 N. Y. Supp. 169.