(35 Misc. Rep. 381.)

MARSH v. STANDARD STRUCTURAL CO.

(City Court of New York, General Term. June, 1901.)

SHORT-CAUSE CALENDAR—PREFERENCE.

 An action against a corporation on a note, the trial of which is not likely to occupy more than an hour, cannot be placed on the short-cause calendar in part 4, under rule 14 of the city court of New York, where plaintiff's only claim for preference has been based on Code Civ. Proc. § 791, subd. 8, authorizing a preference in an action against a corporation, and founded on a note.

Appeal from special term.

Action by Charles V. R. Marsh against the Standard Structural Company. From an order made May 2, 1901, advancing the case for trial on the short-cause calendar in part 4, and from an order made May 13, 1901, sending the case to part 1 for trial, defendant appeals. Reversed.

The motion of plaintiff placing the case on the short-cause calendar was returnable April 19th. He defaulted, but the default was opened, and the order of May 2, 1901, was made, and thereafter modified on motion of the defendant. The action was on a note made by defendant, and indorsed to plaintiff.

Argued before CONLAN, O'DWYER, and HASCALL, JJ.

William R. Adams, for appellant.
Walter F. Wood, for respondent.

HASCALL, J. The respondent evidently mistook his right under section 791 of the Code of Civil Procedure. He was doubtless entitled to a preference on either of two grounds, but could not urge a right to a statutory preference for the reason that he could try his cause within an hour, nor vice versa. He claimed the right to advance a one-hour cause under subdivision 8 of the said section. He should have noticed and moved at trial term for advancement (People v. Kinney, 92 N. Y. 647; President, etc., v. Dunn, 13 Civ. Proc. R. 166), or else made his motion to have the cause placed upon the calendar of part 4 because on contract. Rule 14 of the city court cannot operate, nor was it promulgated, to overstep the practice ordained by the Code, but to provide a needful, additional relief in certain cases not specified in the statute. The amendatory order of May 13th became unavailing, and a second notice of trial did not cure plaintiff's infirmity of practice. Fox v. Quinn (Com. Pl.) 12 N. Y. Supp. 725. For these reasons, the order of May 13th and of May 2, 1901, should be reversed, with one bill of costs and disbursements of appeal to the appellant.

Order reversed, with one bill of costs of appeal to appellant. All concur.