SAVERIO FERRACA, Plaintiff, *v.* THE AARON MILLER REALTY
Co., Defendant.

(City Court of New York, Special Term, April, 1907.)

Calendar — Order on calendar — Preference — Loss of right.

> Where a cause is entitled to preference under section 791 of
> the Code of Civil Procedure and also to be advanced to the special
> calendar under Rule 2 of the City Court of the city of New York,
> the latter right is not lost by the exercise of the former right
> and a motion therefor should be granted.

MOTION to advance cause and place it on the special cal-
endar.

Cohen Bros., for plaintiff.

No appearance for defendant.

WADHAMS, J. Motion is made to advance this cause and to place it on the special calendar, as provided by Rule 2 of the rules of this court. The plaintiff submits the proof required by the rule. The action is upon a promissory note, and is brought against a corporation. The defendant opposes the application on the ground that the plaintiff heretofore made an application for a preference under section 791 of the Code of Civil Procedure. That motion was granted, and the cause preferred over the March issues. It is contended that the plaintiff exhausted his right to preference over other issues by making the motion for preference under section 791 of the Code, and cites Marsh v. Standard Structural Co., 35 Misc. Rep. 381, decided by the General Term of this court. It was there determined merely that the appropriate facts must be shown on each motion to bring the application within the provisions of the Code or the rule, as the case might be. Mr. Justice Hascall there says: "He was doubtless entitled to a preference on either of two grounds, but could not urge a right to a statutory preference for the reason that he could try his cause within an hour or *vice versa.*" The reason for this is obvious. The motion for statutory preference must be made at the time the cause is noticed for trial, and in this court must be made at Trial Term, Part I. Rule 3. The motion for advancement under the court rule on the ground that the cause may be tried in two hours may be made at any time and must be made at Special Term. Rule 2. The court rule was adopted to provide additional relief in certain cases not specified in the statute, but does not operate to prevent the advancement of causes specified in section 791 of the Code, provided such causes are also within the rule. Neither is section 791 exclusive in its effect. The rule and the Code are supplementary, and both may be invoked in the same cause. So here the plaintiff was entitled to preference on two grounds. On the statutory ground he was only entitled to preference

over the March issues and under the rule is entitled to advancement to the special calendar for causes that may be tried in two hours. Motion granted. The cause will be set down for trial on April nineteenth.

.Motion granted.