## FERRACA v. AARON MILLER REALTY CO.

### (City Court of New York, Special Term. April, 1907.)

TRIAL—ADVANCEMENT OF CAUSE—RULE AND STATUTE CONSTRUED.

Plaintiff, in an action against a corporation on a note, by obtaining a preference over other issues, under Code Civ. Proc. § 791, authorizing a preference in the trial of such actions, was not precluded from having the cause afterwards advanced under City Court of New York rule 2, authorizing the advancement of causes triable in two hours.

Action by Saverio Ferraca against the Aaron Miller Realty Company. Plaintiff moves to advance the cause and place it on the special calendar under City Court of New York rule 2. Motion granted.

Cohen Bros., for plaintiff.
J. Charles Weschler, for defendant.

WADHAMS, J. Motion is made to advance this cause and to place it on the special calendar as provided by rule 2 of the rules of this court. The plaintiff submits the proof required by the rule. The action is upon a promissory note, and is brought against a corporation. The defendant opposes the application on the ground that the plaintiff heretofore made an application for a preference under section 791 of the Code of Civil Procedure. That motion was granted, and the cause preferred over the March issues.

It is contended that the plaintiff exhausted his right to preference over other issues by making the motion for preference under section 791 of the Code, and cites Marsh v. Standard Structural Co., 35 Misc. Rep. 381, 71 N. Y. Supp. 1025, decided by the General Term of this court. It was there determined merely that the appropriate facts must be shown on each motion to bring the application within the provisions of the Code or the rule, as the case might be. Mr. Justice Hascall there says:

"He was doubtless entitled to a preference on either of two grounds, but could not urge a right to a statutory preference, for the reason that he could try his cause within an hour or vice versa."

The reason for this is obvious. The motion for statutory preference must be made at the time the cause is noticed for trial, and in this court must be made at Trial Term, part 1. Rule 3. The motion for advancement under the court rule on the ground that the cause may be tried in two hours may be made at any time, and must be made at Special Term. Rule 2. The court rule was adopted to provide additional relief in certain cases not specified in the statute, but does not operate to prevent the advancement of causes specified in section 791 of the Code, provided such causes are also within the rule. Neither is section 791 exclusive in its effect. The rule and the Code are supplementary, and both may be invoked in the same cause. So here the plaintiff was entitled to preference on two grounds. On the statutory ground he was only entitled to preference over the March issues, and under the rule he is entitled to ad-

vancement of the special calendar for causes that may be tried in two hours.

Motion granted. The cause will be set down for trial on April 19th.