(27 App. Div. 160.)

## MARKS v. MURPHY.

(Supreme Court, Appellate Division, First Department.  March 25, 1898.)

1. PRACTICE—NOTICE OF TRIAL.
   Under Code Civ. Proc. § 977, but one notice of trial is required in New York county, and all subsequent notices are unnecessary.

2. SAME—MOTION FOR PREFERENCE.
   Where a motion for a perference is made solely as a matter of right, under the terms of the statute (Code Civ. Proc. § 791), parties are held to strict practice.

3. SAME.
   Under Code Civ. Proc. § 793, an application for a preference must be made at the commencement of the term for which the notice of trial is served, and a failure to move at that time waives the statutory right, and cannot be cured by again noticing the case for trial at a later term, and making the motion at the opening thereof.

Appeal from trial term, New York county.

Action by Abraham Marks, administrator of Lee Marks, deceased, against Joseph H. Murphy. From an order granting plaintiff's motion for a preference, defendant appeals. Reversed.

The plaintiff served his notice of trial for the first Monday of January, and, with it, notice of a motion for a preference, returnable on the following day. He obtained his order for a preference upon the first Monday of January, in the absence of the defendant; but, as he had made no motion for that day, his order was subsequently vacated. The defendant's attorney attended upon the day actually specified in the notice of motion, but nothing was then done, as the plaintiff's attorney was not present. Plaintiff subsequently served another notice of trial for the first Monday of February, together with a new notice of motion for a preference, returnable upon that day. The motion was granted, and the defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Michael Schaap, for appellant.
Frank H. Smiley, for respondent.

BARRETT, J.  Section 793 of the Code of Civil Procedure provides that, in this county, a party desiring a preference of any cause

shall serve upon the opposite party, with his notice of trial, a notice that an application will be made to the court, at the opening thereof, for leave to move the same as a preferred cause. It is the settled practice in this district that such an application must be made at the commencement of the term for which the notice of trial is served. If not so made, the right to a statutory preference is waived. In the present case, the plaintiff should have moved for a preference upon the first Monday of January. His notice of trial was for that day, and he could apply for such a preference upon no other day. An application for a preference upon the following day was not authorized by the statute. It follows that, by his failure to move upon the first Monday of January, he waived his statutory right. His subsequent notice of trial for the February term was futile to avoid the effect of this waiver, or to support another application for a statutory preference. But one notice of trial is required in this county, and all subsequent notices are unnecessary. Code Civ. Proc. § 977. The original notice of trial for the January term was in full force, and the waiver of a right to preference complete, when the plaintiff moved for a preference at the February term. The application should, therefore, have been denied. It was not, as contended, addressed to the discretion of the court, but was made solely as matter of right under the terms of the statute. When so made, parties are held to strict practice. People v. Kinney, 92 N. Y. 647.

The order appealed from should, therefore, be reversed, with $10 costs and the disbursements of the appeal, and the motion denied, with $10 costs. All concur.

---

### In re HOYT et al.

(Supreme Court, Appellate Division, First Department. March 25, 1898.)

1. TRUSTS—RIGHTS OF LIFE TENANT AND REMAINDER-MAN.

2. SAME—SINKING FUND—SHRINKAGE IN SECURITIES.

Appeal from surrogate's court, New York county.

In the matter of the final judicial settlement of the annual accounts of Samuel N. Hoyt and others, trustees under the will of Jesse Hoyt. From a decree of the surrogate court the trustees and others interested appeal. Reversed.