### ECKHARD v. JONES et al.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

PREFERRED CALENDAR—NOTICE.

  Under Code Civ. Proc. § 793, providing that a party desiring a preference of a cause shall serve with his notice of trial, a notice that application will be made, at opening of the court, for leave to move the same as a preferred cause, the right to a preference is lost by failure to serve such notice of application with the notice of trial.

Appeal from trial term, New York county.

Action by George Eckhard against Alfred Walker Jones and another. From an order granting an application to place the cause on the preferred calendar, and from an order denying a motion for reargument, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry Daily, Jr., for appellants.

Philip Carpenter, for respondent.

O'BRIEN, J. The question presented on this appeal relates to the proper calendar practice in the county of New York in regard

to preferences. This action is for money claimed to be due the plaintiff for services, and at the commencement the plaintiff obtained an attachment. When at issue, the plaintiff served a notice of trial for the first Monday, or 2d day of October, 1899, and put the action on the general calendar. After service of such notice of trial, and on the 3d day of October, 1899, he served an affidavit and notice of motion for the 5th day of October, wherein he stated that he would apply for an order placing his action upon the preferred calendar. Having first denied, the learned judge subsequently granted, the motion; and thereafter, upon the ground that a memorandum in opposition to the motion, through inadvertence, had not been handed to the judge, a motion for reargument was made, which was denied. It is from the two orders entered in accordance with the disposition made of the motions—one placing the action on the preferred calendar, and the other denying a reargument—that this appeal is taken.

The fact appearing that an attachment had been issued, and property of the defendant held thereunder, the action was entitled to a preference, under rule 36 of the general rules of practice, if a motion therefor was made in time. As said in Marks v. Murphy, 27 App. Div. 160, 50 N. Y. Supp. 622:

"Section 793 of the Code of Civil Procedure provides that in this county a party desiring a preference of any cause shall serve upon the opposite party, with his notice of trial, a notice that an application will be made to the court, at the opening thereof, for leave to move the same as a preferred cause. It is the settled practice in this district that such an application must be made at the commencement of the term for which the notice of trial is served. If not so made, the right to a statutory preference is waived. In the present case the plaintiff should have moved for a preference upon the first Monday of January. His notice of trial was for that day, and he could apply for such a preference upon no other day. An application for a preference upon the following day was not authorized by the statute. It follows that by his failure to move upon the first Monday of January he waived his statutory right. His subsequent notice of trial for the February term was futile to avoid the effect of this waiver, or to support another application for a statutory preference."

The rule thus enunciated is conclusive upon the question here presented as to the proper calendar practice in the county of New York. In accordance with it, the plaintiff should have served with his notice of trial for the first Monday of October a notice that he would make an application to the court at that time for a preference. As he did not do this, the order below was erroneous, and should be reversed, with $10 costs and disbursements, and the motion for a preference denied, with $10 costs. All concur.