WILLIAMSON et al. v. STANDARD STRUCTURAL CO.

(Supreme Court, Appellate Division, First Department.   February 23, 1900.)

TRIAL—PREFERRED CAUSES—SHORT CAUSES—NOTICE—WAIVER.

Under Code Civ. Proc. § 793, providing that in the county of New York a party desiring a preference of any cause shall serve on the opposite party, with his notice of trial, a notice that an application will be made to the court at the opening thereof, the right to a preference because the sole plaintiffs were executors was waived where no notice of motion on that ground was served with the notice of trial, though notice of motion to place the cause on the short-cause calendar was given.

Appeal from trial term, New York county.

Action by Alfred Williamson and another, as executors of Stephen H. Williamson, deceased, against the Standard Structural Company. From an order placing the cause on the preferred calendar, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

William R. Adams, for appellant.
Ernest G. Stevens, for respondents.

PER CURIAM.   The preference here given was because executors are sole plaintiffs.   Without determining the question whether the action—being for damages to plaintiffs' business and premises, of which they were in possession as lessees—was entitled to a preference, we think the motion should have been denied upon the ground of waiver.   Section 793 of the Code of Civil Procedure provides "that in the county of New York" "the party desiring a preference of any cause shall serve upon the opposite party, with his notice of trial, a notice that an application will be made to the court at the opening thereof," and it has been held in many cases that the failure to make the motion at that time operates as a waiver of the statutory right to a preference.   Marks v. Murphy, 27 App. Div. 160, 50 N. Y. Supp. 622;  Haskin v. Murray, 29 App. Div. 373, 51 N. Y. Supp. 542.   Here the notice of trial was served for the November term, and at the bottom of such notice was a statement that a motion would be made "to place the cause upon the short-cause calendar."   On November 28th such a motion was made on an affidavit which stated that the trial of the action would not occupy more than two hours.   The judge did not, however, grant the motion upon the ground that the action was a

short cause, but for the reason, as stated, that it was, under the stat-
ute, entitled to a preference. To obtain such preference, the plain-
tiffs should have served, with the notice of trial, a notice of motion,
and the failure to do so was a waiver of the statutory privilege. No-
tice of an intention to move to place on the preferred calendar on the
ground that it is a short cause is not the equivalent of a notice of mo-
tion for a statutory preference, which should be served with the no-
tice of trial.

The order, accordingly, should be reversed, with $10 costs and dis-
bursements, and the motion denied, without costs.

---

PEOPLE ex rel. McSHANE v. HAGAN et al.

(Supreme Court, Appellate Division, First Department. February 23, 1900.)

ELECTION—RESIDENCE OF ELECTOR—CONSTITUTIONAL LAW.

Appeal from special term, New York county.