AMERICAN EXCH. NAT. BANK v. YULE MACH. CO.

(Supreme Court, Appellate Division, First Department.    March 8, 1901.)

TRIAL—PREFERENCE—NOTICE OF TRIAL—NOTE OF ISSUE.

Where a notice of trial has been filed, and no motion for a preference made, the right to a preference at a subsequent term is thereby lost, though the notice of trial was not followed by service of a note of issue.

Appeal from trial term, New York county.

Action by the American Exchange National Bank against the Yule Machine Company. From an order granting a motion to place the cause upon the preferred calendar, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

H. B. Corey, for appellant.
R. Reubenstein, for respondent.

PATTERSON, J. This appeal is from an order granting a motion made by the plaintiff to place this cause upon the preferred calendar of the court. A notice of trial was served by its attorney for the December term of the year 1900, and at the same time notice of an application for a preference was given as required by subdivision 8 of section 791 of the Code of Civil Procedure, and thereafter a note of issue was filed. It appears, however, that the cause was at issue prior to the month of April, 1899, and the plaintiff served a notice of trial for the April term, 1899, and again served a notice of trial for the November term, 1900, but did not file a note of issue for either of these terms. No notice of a claim of preference was given, or a motion for a preference made, either for the April or the November term. It was urged in opposition to the motion in the court below that the plaintiff had lost its right to a preference because it was not claimed or applied for either at the April, 1899, or November, 1900, term. That objection should have prevailed. The plaintiff lost or waived its right to a preference. The notice of trial first served was not void. It was thought in the court below that it was, because it was not followed by the filing of a note of issue, and that, therefore, with respect to the right to a preference, the plaintiff was in the same situation as if no notice of trial had been given but that served for the December term, 1900. But the filing of a note of issue is a duty cast upon the person serving a notice of trial. By section 977 of the Code, either party may give a 14-days notice of trial. It is then required that the party serving the notice must file with the clerk a note of issue, at least 12 days before the commencement of the term. The filing of a note of issue may follow the service of a notice of trial. In this case the plaintiff neglected to file a note of issue, and while this may have disabled it from bringing the cause to trial if it were reached at the April term, 1899, it does

not excuse its failure to demand a preference. The notice of trial was a good notice. The neglect to follow it up by doing that which it was required to do, namely, file a note of issue, cannot preserve or restore to it a right which it had forfeited by not giving notice of a claim to a preference before the last day limited for the service ·of the notice of trial first given. The notice for the April term was a good notice, and a subsequent one for another term is futile to support a new application to obtain a preference as matter of right. Marks v. Murphy, 27 App. Div. 160, 50 N. Y. Supp. 622; Eckhard v. Jones, 45 App. Div. 562, 61 N. Y. Supp. 257; Williamson v. Structural Co., 48 App. Div. 186, 62 N. Y. Supp. 815.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for a preference denied, with $10 costs. All concur.