THE AMERICAN EXCHANGE NATIONAL BANK, Respondent, *v.* THE YULE MACHINE COMPANY, Appellant.

*Preference on the calendar — waived by serving notice of trial without applying for it, although no note of issue was filed.*

A party to an action who serves a notice of trial for the April term, 1899, and also one for the November term, 1900, without serving any notice of a claim for a preference with either of such notices of trial, waives his right to apply for a preference, under section 791 of the Code of Civil Procedure, at the December term, 1900, although he served notice of his intention to apply for such preference with his notice of trial for that term; the fact that he did not file a note of issue with the notice of trial for either the April term, 1899, or the November term, 1900, does not alter the case.

APPEAL by the defendant, The Yule Machine Company, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 15th day of January, 1901, placing the action on the preferred calendar.

*Henry B. Corey*, for the appellant.

*Raymond Reubenstein*, for the respondent.

Patterson, J.:

This appeal is from an order granting a motion made by the plaintiff to place this cause upon the preferred calendar of the court. A notice of trial was served by its attorney for the December term of the year 1900, and at the same time notice of an application for a preference was given as required by subdivision 8 of section 791 of the Code of Civil Procedure, and thereafter a note of issue was filed. It appears, however, that the cause was at issue prior to the month of April, 1899, and the plaintiff served a notice of trial for the April term, 1899, and again served a notice of trial for the November term, 1900, but did not file a note of issue for either of these terms. No notice of a claim of preference was given or a motion for a preference made either for the April or the November term. It was urged in opposition to the motion in the court below that the plaintiff had lost its right to a preference, because it was not claimed or applied for either at the April, 1899, or November, 1900, terms. That objection should have prevailed. The plaintiff lost or waived its right to a preference. The notice of trial first served was not void. It was thought in the court below that it was, because it was not followed by the filing of a note of issue, and that, therefore, with respect to the right to a preference the plaintiff was in the same situation as if no notice of trial had been given but that served for the December term, 1900. But the filing of a note of issue is a duty cast upon the person serving a notice of trial. By section 977 of the Code either party may give a fourteen days' notice of trial; it is then required that the party serving the notice *must* file with the clerk a note of issue at least twelve days before the commencement of the term. The filing of a note of issue may follow the service of a notice of trial. In this case the plaintiff neglected to file a note of issue, and while this may have disabled it from bringing the cause to trial if it were reached at the April term, 1899, it does not excuse its failure to demand a preference. The notice of trial was a good notice. The neglect to follow it up by doing that which it was required to do, namely, filing a note of issue, cannot preserve or restore to it a right which it had forfeited by not giving notice of a claim to a preference before the last day limited for the service of the notice of trial first given. The notice

for the April term was a good notice, and a subsequent one for another term is futile to support a new application to obtain a preference as matter of right. (*Marks* v. *Murphy*, 27 App. Div. 160 ; *Eckhard* v. *Jones*, 45 id. 562 ; *Williamson* v. *Standard Structural Co.*, 48 id. 186.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for a preference denied, with ten dollars costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.