Trust Company should not be stayed pending an appeal from an order of the appellate division affirming the judgment in this action. The stay was in these words:

"And until the hearing and determination of this motion let all proceedings on the part of the plaintiff and the defendant Hamilton Trust Company, except the entering of an order and judgment upon the decision of the appellate division, be stayed; sufficient cause having been shown."

The application for the stay of proceedings on appeal was argued before Mr. Justice Gaynor on June 7, 1901, and on the afternoon of that day the learned justice announced a decision denying the motion. No order, however, was entered upon that decision until 10 days later. Meantime the plaintiff, who, under the judgment, was entitled to receive 687 shares of stock of the Hygienic Ice Company from the Hamilton Trust Company, demanded said shares from the Hamilton Trust Company, on the 8th day of June, 1901, and his demand was complied with by the delivery of the stock.

It is, no doubt, generally true, as argued in behalf of the appellant, that, before a decision can take effect, a written order thereon must be signed and entered; but the cases to that effect cited on the argument of this appeal are not cases of contempt, nor, as it seems to me, do they furnish the rule which should be applied in such a proceeding as this. Here the stay, by its express terms, was to last only "until the hearing and determination" of the motion. The respondents proceeded on the assumption that the announcement by Mr. Justice Gaynor of his decision was a determination of the motion, in such a sense as to leave them at liberty to take any action which they might lawfully have taken before the stay of proceedings was granted; and I am not prepared to say, in the absence of any evidence indicating bad faith, that they should be held liable for contempt of court in so doing. If, after the argument of a motion to vacate a temporary injunction, the justice hearing the cause should announce from the bench a decision declaring the injunction vacated, a party, hearing the announcement, and proceeding on the faith of it to do some act which the temporary restraining order forbade, would hardly be deemed punishable for contempt because he had not waited until a formal order upon the decision had actually been written out and entered. Under the circumstances of this case, I think the motion to punish the respondents was properly denied.

Order affirmed, with $10 costs and disbursements. All concur.

---

### BASURO v. JOHNSON.

(Supreme Court, Appellate Division, First Department. April 18, 1902.)

1. TRIAL—MOTIONS FOR PREFERENCES.

Where a plaintiff serves a notice of trial for a day named, and includes therein a notice that on that day he will apply for an order preferring the cause, and note of issue thereon is filed, and for some reason the motion fails to appear on the motion calendar, it is his duty to call the court's attention to the omission before the calendar is called; and,

where he is absent when the calendar is called, his motion falls, and his right to a preference is lost.

2. SAME.

The granting of a preference on a subsequent notice is unauthorized by Code Civ. Proc. § 793, requiring the notice to be served with the notice of trial, etc.

Appeal from special term, New York county.

Action by Antonio Basuro, as administrator of Rosa Basuro, deceased, against Solomon W. Johnson, as president of the American News Company. From an order granting a preference, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Henry B. Pogson, for appellant.

Gilbert Ray Hawes, for respondent.

INGRAHAM, J. The plaintiff served his notice of trial for the first Monday in January, and included therein a notice that on that day he would apply for an order preferring the case, in pursuance of section 791 of the Code of Civil Procedure. For some reason, that motion did not appear on the calendar of motions to be called on that day; the representative of the plaintiff alleging that he attended in court, believing that the said motion was upon the calendar, but that during the call of the calendar he was temporarily called to the special term, to answer a motion there, and was not present at the call of the motion calendar; nor, as far as appears, did he at that time move for a preference. Plaintiff subsequently noticed for the 13th of January, 1902, a motion for a preference under the section, and this motion was granted, and from the order granting it the defendant appeals.

There is an affidavit of the representative of the plaintiff's attorney alleging, on information and belief, that a note of issue was filed, placing the case upon the calendar; but the affidavit of the attorney or clerk who is alleged to have filed the note of issue is not produced, and there is no legal evidence that such a note of issue was filed. If, however, such a note of issue has been filed, and the motion did not appear upon the motion calendar, it was the duty of the plaintiff's attorney to call the attention of the court to that fact before the calendar was called, so that the case could be placed upon the calendar and duly called. If he saw fit to leave the room and be absent when the motion calendar was called, his motion fell. The subsequent motion was not in compliance with section 793 of the Code. The motion not having been brought on for argument at the time noticed, the plaintiff's right to move for a preference was lost, and the granting of the motion on a subsequent notice was unauthorized.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.