(117 App. Div. 475)

## MEYERSON v. LEVY.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

TRIAL—CALENDARS—PREFERENCE.

    Code Civ. Proc. § 791, subd. 5, provides that, where the sole plaintiff is an infant, he may have a preference on the calendar. Section 793 provides that a motion to place a cause on the preferred calendar must be made at the commencement of the term for which the notice of trial is served. An infant plaintiff served a notice of trial for the following November term, together with a notice of motion for a preference returnable on the first Monday of that term; defendant also noticing the cause for trial at that time. Plaintiff failed to appear on the return of his motion, and it was dismissed on defendant's motion for default. Thereafter plaintiff served a notice of trial for the December term, together with a motion for a preference for that term. *Held*, that plain-

tiff had waived his right to a preference, and the renewal of his motion was ineffectual.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 32.

Appeal from Trial Term, New York County.

Action by Harry Meyerson, an infant, by Davis Meyerson, his guardian ad litem, against Samuel Levy. Appeal by defendant from an order granting plaintiff's motion for a preference. Reversed, and motion denied.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

Louis Cohn, for appellant.

Myron S. Yochelson, for respondent.

HOUGHTON, J. The sole plaintiff being an infant, he would have been entitled under the provisions of subdivision 5, § 791, of the Code of Civil Procedure, to a preference on the calendar, had he pursued the proper practice. On the 8th day of October, 1906, the plaintiff's attorney served a notice of trial for the November term following, together with a notice of motion for a preference, returnable on the first Monday of that term. The defendant also noticed the cause for trial for the same term. The plaintiff did not appear upon the return of his motion, and it was dismissed on defendant's motion for default. According to the provisions of section 793 of the Code of Civil Procedure applicable to the county of New York, a motion to place a cause upon the preferred calendar must be made at the commencement of the term for which the notice of trial is served.

The excuse which plaintiff gives for not appearing on his motion is that he discovered that his office had failed to file a note of issue for the November term, and therefore he abandoned his motion. The record does not disclose whether or not the defendant filed a note of issue; but he did appear in opposition to the motion for preference and took its dismissal. Presumably the cause was on the calendar, and presumptively the court properly dismissed the motion for failure of plaintiff to appear. If the plaintiff desired to save his rights, he should have appeared and withdrawn his motion, rather than let it be dismissed. Bazure v. Johnson, 71 App. Div. 255, 75 N. Y. Supp. 822. Concededly the cause was noticed by both parties for the November term, and, the motion for preference having been passed upon by dismissal, the plaintiff had exhausted his right to move at the December term as he did. A failure to make a motion for preference at the commencement of the term for which notice of trial is served operates as a waiver of the statutory right of preference, and a subsequent notice of trial for another term is futile, either to avoid the effect of the waiver or to support a new application to obtain such preference as a matter of right. Marks v. Murphy, 27 App. Div. 160, 50 N. Y. Supp. 116. A renewal of the motion at the December term, although a new notice of trial was served, was therefore ineffectual.

In view of the large number of causes upon the calendar, in which the law gives no preference, the question as to whether a cause shall be preferred or not is one of importance to litigants, and the practice with

respect to preference should be strictly followed. In our view the plaintiff had lost his right to put his cause on the preferred calendar, and the order granting his motion to that effect was improper.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, without costs. All concur.