WHITTON AUTOMOTIVE PARTS COMPANY, Plaintiff, *v.* YALE ELECTRIC CORPORATION and Another, Defendants.*

Supreme Court, Kings County, March 20, 1930.

* But see *New York Investors, Inc., v. Laurelton Homes, Inc.* (230 App. Div. ——).

*McLaughlin, Knollenberg & Leisure,* by *George M. Billings,* for the plaintiff.

*Plante & Abrahams,* by *Samuel Lippman,* for the defendant Yale Electric Corporation.

*Kugel & Telsey,* by *Abraham C. Weinfeld,* for the defendant Automotive Manufacturers' Outlet.

DIKE, J. This is a motion to have the above-entitled action stricken from the jury calendar of this court upon which it was placed by the plaintiff. The defendant claims that the right to a jury trial has been *waived* and that raises the issue to be decided upon this motion. It was on January 29, 1930, that a notice of trial for the March, 1930, term was served upon the defendants dated January 27, 1930. No demand for a jury trial accompanied or was served with this said notice of trial. On February 6, 1930, papers were served upon the defendant: (1) A notice purporting to withdraw the said notice of trial served by plaintiff on January 28, 1930; (2) a notice of trial dated February 5, 1930, also for the March, 1930, term; and (3) a demand for a jury trial dated February 5, 1930. It appears that all of these papers were returned to the plaintiff's attorneys on the same day, together with a statement of the reason for such return. In the notice accompanying the return of the said papers was a statement that the demand for a jury trial was returned upon the ground that the plaintiff had waived its right to a jury trial, and section 426 of the Civil Practice Act was cited as the support for that procedure, plaintiff having failed to serve a written notice demanding a jury with its original notice of trial. Of course, in general one has a constitutional right in civil cases to a jury trial. That assumes that the proper procedure has been followed in order to enjoy this privilege. If the privilege is waived, this constitutional right to a jury trial ceases and cannot be revived or restored, as there has been a forfeiture by the omission and failure to give proper notice of the intention of the party for a trial before a jury. The plaintiff urges certain personal reasons for this omission arising in the detail work of the attorneys' office, but these are not sufficient reasons to excuse the forfeiture of its right. The case of *Tracy* v. *Falvey* (102 App. Div. 585, 586) was a First Department case, and it was there held: " The learned judge at Special Term correctly held that in an action such as this for partition, the plaintiffs were entitled to have the issues of fact tried by a jury unless they had lost or waived their right. In passing it may be said that the rule deducible from the authorities is that the constitutional right to

a jury trial may be waived, and where this occurs it cannot be retracted, but remains good during the life of the litigation [citing] (*Matter of Cooper*, 93 N. Y. 507.) " Section 426 of the Civil Practice Act must control. The provisions of that section would be sustained, it seems to me, by the authority of *American Exchange National Bank* v. *Yule Machinery Co.* (58 App. Div. 320), that held that the right to a preference at a subsequent term was lost where a notice of trial had been filed and no motion for a preference made. This supports by analogy the reasoning in regard to the instant facts. Another case that may be cited as in support of the analogy is *Meyerson* v. *Levy* (117 App. Div. 475, 476). " A failure to make a motion for preference at the commencement of the term for which notice of trial is served operates as a waiver of the statutory right of preference, and a subsequent notice of trial for another term is futile." These cases seem to me to support the rule that should obtain in cases where there had been a failure, as here, to properly and in a timely way demand the privilege of a jury trial. With the notice of trial there must be a demand for a jury, or there is a waiver of the privilege.

In the opinion of McAvoy, J., in the case of *Craig* v. *City of New York* (228 App. Div. 275), February, 1930, I feel that I am entirely sustained in my decision that the motion should be granted, with ten dollars costs, and the cause is ordered stricken from the jury calendar.