590

JOHN J. K. CASKIE, Appellant, *v.* INTERNATIONAL RAILWAY COMPANY, Respondent. (No. 1.)

Fourth Department, November 12, 1930.

*Carlos C. Alden,* for the appellant.

*James C. Sweeney [Milton E. Kaeselun* with him on the brief], for the respondent.

PER CURIAM. This action for compensation for services rendered by an attorney to his client was entitled to a preference under rule VIII, subdivision 6, of the Rules of the Supreme Court, Eighth Judicial District, established for the county of Erie, which grants a preference in actions " for wages, salary or compensation for services rendered and for materials furnished incident thereto." The motion for a preference was, however, denied when originally made at the beginning of the term at which the case was noticed for trial (Civ. Prac. Act, § 141, subd. 3, as amd. by Laws of 1923, chap. 112) on the ground that " Rule XI of the Supreme Court, Eighth Judicial District, particularly paragraph 6 of Rule XI,"

specified in the notice of motion, referred to rule XI of the Rules of the Supreme Court, Eighth Judicial District, established for the county of Erie, which rule had no reference to the subject of preferences and contained no subdivision or paragraph 6. The denial of the motion was made specifically " without prejudice and with leave to plaintiff to renew said motion at the opening of the next ensuing term of this court for a preference under the provisions of Rule VIII of said rules." At the opening of the next ensuing term and pursuant to this permission, and in accordance with a notice previously given to the defendant's attorneys, the motion was renewed under rule VIII, subdivision 6, of the Rules of the Supreme Court, Eighth Judicial District, established for the county of Erie, but was again denied as not then being made under a notice served with the notice of trial, and upon the authority of *Marks* v. *Murphy* (27 App. Div. 160) and *Bazuro* v. *Johnson* (71 id. 255). Under the peculiar circumstances of this case as above set forth, we consider the motion which was finally denied but a continuation of that originally made. The defendant having entered the original order will not be heard to assert that the motion made on the date specified in the previous order was too late.

The mistake in the original notice of motion evidently occurred through confusing the Supreme Court Rules, Eighth Judicial District, established for all counties except Erie county, and the Supreme Court Rules, Eighth Judicial District, established for the county of Erie. Rule XI, subdivision 6, of the Rules for counties other than Erie, is the same as rule VIII, subdivision 6, of the Rules established for Erie county.

The order should be reversed, with ten dollars costs and disbursements, and the motion for a preference granted.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Order entered May 31, 1930, reversed, with ten dollars costs and disbursements, and motion granted, without costs.