MARIA T. POLHEMUS, Respondent. *v.* THE FITCHBURGH RAIL-ROAD COMPANY, Appellant.

An action against a railroad corporation to recover the amount of interest coupons upon bonds issued by another similar corporation, based upon an agreement between the two companies, by which defendant has become liable for their payment, is not an action "founded upon a note or other evidence of debt, for the absolute payment of money" within the meaning of the provision of the Code of Civil Procedure giving to such an action against a corporation a preference upon the calendar. (§ 791, sub. 8.)

Nor do the facts, upon which such an action is based, furnish a reason for giving it a preference, by the court, in the exercise of its discretion; plaintiff stands in no better position than ordinary litigants.

(Argued March 5, 1889; decided March 12, 1889.)

MOTION to place cause on calendar and to advance the same. The following is the *mem.* of opinion:

"The plaintiff is the holder of ten interest coupons of thirty-five dollars each, issued by the Troy & Boston Rail-road Company as part of certain mortgage bonds. Her claim is that the defendant, by reason of an agreement with the

Troy & Boston Railroad Company, has become liable for their payment. The courts below have sustained that claim and the defendant having appealed from the judgment to this court, the plaintiff asks to have the case put upon the present calendar and so advanced as to give it a preference over all other cases by putting it at the head of the calendar. The preference is claimed under section 791, subdivision 8, of the Code, which gives a certain priority, among others, to 'an action against a corporation, founded upon a note or other evidence of debt for the absolute payment of money.' The obligation of the defendant cannot be regarded as of that character. The note or promise to pay money is that of the Troy & Boston Railroad Company. The defendant's promise is to be found elsewhere, and if an obligation exists, of which the plaintiff can avail herself by action, it is because the agreement of consolidation of the two corporations and the covenant by one to the other and the action is, in fact, founded on that agreement.

" Nor are the reasons given for putting the case on the present calendar sufficient in any other view. The most that can be said is that two corporations differ in their construction of a mutual agreement, and in the meantime neither fulfills its obligation to the holder of its securities. Such defaults are not so uncommon as to require special attention, and those who suffer have no better position than ordinary litigants.

" The motion should be denied, but without costs."

*Masten & Nichols* for motion.

*John H. Peck* opposed.

DANFORTH, J., reads *mem.* for denial of motion.
All concur.
Motion denied.