(26 Misc. Rep. 432.)

### ZIEGLER v. TRENKMAN.

(Supreme Court, Trial Term, New York County. February, 1899.)

LOST PREFERENCE ON CALENDAR—REGAINING IT.

A right to a preference on the calendar, lost through failure to serve notice of motion therefor at the time of serving the notice of trial, is not regained by amending the complaint, and thereby making the service of a new notice of trial and the filing of a new note of issue necessary.

Action by Jacob Ziegler, an infant, by his guardian, against Augustus Trenkman. On motion by plaintiff for preference on the calendar. Denied.

Abraham Levy, for plaintiff.
Nadal, Smyth, Carrere & Trafford, for defendant.

McADAM, J. Issue was joined September, 1895. Plaintiff noticed the cause for the March term, 1896, without serving at the same time a notice of motion for a preference. He subsequently noticed the cause for the April term, and served with his notice of trial a notice of application for a preference. His motion was argued April 7, 1896, and denied April 26, 1896. The denial was on the ground that plaintiff had waived his right to a preference by noticing the

action for the March term, without claiming a preference at the time. Subsequently the plaintiff moved to amend his complaint, and was allowed to do so, as matter of favor, but upon terms. The appellate division, in reviewing the order (31 App. Div. 305, 52 N. Y. Supp. 613), said: "The defendant is mistaken in his supposition that a new cause of action is introduced by the amendment. The cause of action is the same. The plaintiff still predicates his right to recover upon the same injury received by him, at the same time and place, and by the unlawful act of the defendant. The amendment simply adds an additional specification of the wrongful act alleged to have been the cause of the injury." A provision inserted by the court below, to the effect that the cause should retain the position it then occupied on the calendar, was stricken out by the appellate court, which said, "The time when the last pleading is served determines and fixes the date of issue, and the clerk must place the case upon the calendar according to that date," and added, "Any delay caused by the amendment, by reason of the necessity of filing a new note of issue, was for the consideration of the plaintiff when he applied for leave to amend." This was tantamount to saying that where the plaintiff, by his own act or neglect, delays his cause, he cannot visit the consequences upon his adversary. The question now arises whether a plaintiff, who has once lost his right to a preference, can, by a simple act of his own, such as amending his pleading, regain the lost privilege. It is clear that he cannot. The practice as to preference is not so accommodating, but, in the language of the authorities, is strict. The right to a preference, once lost by the act or neglect of the plaintiff, is gone forever. Fox v. Quinn (Com. Pl.) 12 N. Y. Supp. 725; Marks v. Murphy, 27 App. Div. 160, 50 N. Y. Supp. 622. The cases relied on by the plaintiff are inapplicable. They do not contain one word about regaining lost rights. They merely enforce the familiar practice, that, when pleadings are amended, there must be a new notice of trial and note of issue. Romaine v. Bowdoin, 70 Hun, 366, 24 N. Y. Supp. 67; Israel v. Voight, 12 Misc. Rep. 206, 34 N. Y. Supp. 28. If the defendant had, by amending his answer, rendered abortive an attempt by the plaintiff to get a preference, such conduct of the adverse party would have presented a different question.

The application was properly denied, and an order reciting such denial has been signed.

Application denied.