MORSE v. PRESS PUB. CO.

(Supreme Court, Appellate Division, First Department.   April 25, 1902.)

1. TRIAL—PREFERENCE OF CAUSE—JUDICIAL DISCRETION.
    Code Civ. Proc. § 791, subd. 11, directs that actions for libel shall
have a preference over other actions in the trial thereof.   Section 793,
as amended by Laws 1895, c. 410, declares that, where no order is re-
quired, a claim for preference may be inserted in the note of issue, and
that the clerk shall place the cause among the preferred causes, except
that in the county of New York the party desiring a preference shall
serve on the opposite party, with his notice of trial, a note that applica-
tion will be made for leave to move the same as a preferred cause; and
if the cause is entitled to a preference, and is intended to be moved for
trial at the term at which the application is made, the court may direct
that it shall be so heard.   *Held*, that the plaintiff in an action in New
York county for libel is not entitled, as a matter of right, to have his
cause advanced over cases noticed for trial for prior terms, but the court
may exercise its discretion.

2. SAME—REVIEW OF ORDER
    Under Code Civ. Proc. § 791, subd. 11, providing that actions for libel
shall have preference over other causes, and section 793, directing that
in New York county applications for preference must be made to the
court, which may direct such preference, where the court, in the exercise
of its discretion, advances an action for libel over causes ready and no-
ticed for trial for over two years, the order of preference will not be in-
terfered with, though seemingly without justification.

Appeal from trial term, New York county.

Action by Mary K. Morse against the Press Publishing Company.
From an order granting preference and setting a case for the call
calendar, in pursuance of rules of trial term 3 and 7, defendant appeals.
Affirmed.   See 63 N. Y. Supp. 424, 71 N. Y. Supp. 348.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, INGRAHAM, and LAUGHLIN, JJ.

James W. Gerard, for appellant.
John C. Rowe, for respondent.

INGRAHAM, J.   There is presented on this appeal the question
as to whether the plaintiff, in an action specified in section 791 of the
Code of Civil Procedure, is entitled, as a matter of right, to have his
case advanced over cases noticed for trial for prior terms.   In view
of the large increase of the cases specified in this section of the Code,
the condition of the calendar has become such that a large part of each
term of the trial court is consumed in the disposition of the cases which
are thus placed ahead of the other actions on the calendar, and slight
progress is made in the call of nonpreferred cases.   It has undoubtedly
been the unquestioned practice in this district to construe this section
of the Code as giving to the parties to an action specified in section
791 the right to have the case advanced over cases previously upon the
calendar; but this practice seems to have grown up without question,
the number of actions within those specified in this section having been
so limited that no substantial injustice was done.   The right to have a
case thus preferred is now questioned, and we must determine that
question by construing the provisions of the Code.   Under the Code

of Procedure as originally adopted, it was contemplated that there would be a new calendar made up for each term of the court, and, if any of the cases on the calendar were undisposed of at the end of the term, they were to be renoticed for the ensuing term, and a new note of issue filed. Code Civ. Proc. § 256. There was no provision in the Code of Procedure providing for the preference of any particular case, but certain actions were by special statutes given a preference, such as issues of law, actions by the attorney general in behalf of the people, certiorari proceedings, and actions against corporations on notes or other evidences of debt for the absolute payment of money on demand. As business in the county of New York increased, and it was found to be impossible to dispose of all the cases on the calendar by the end of each term, an amendment to section 256 of the Code of Procedure was adopted. There was added to that section a provision that in the First judicial district there need be but one notice of trial and but one note of issue, and that the case should then remain on the calendar until disposed of without further notice, and that provision was continued in force in the Code of Civil Procedure as part of section 977 of that Code. That section provides for noticing a case for trial, and that:

"The party serving the notice must file with the clerk a note of issue, stating the title of the action, the names of the attorneys, the time when the last pleading was served, the nature of the issue, whether of fact or of law; and if an issue of fact, whether it is triable by a jury, or by the court without a jury. * * * The clerk must thereupon enter the cause upon the calendar, according to the date of the issue. * * * In the city and county of New York * * * where a party has served a notice of trial, and filed a note of issue for a term at which the cause is not tried, it is not necessary for him to serve a new notice of trial, or file a new note of issue for a succeeding term; and the action must remain on the calendar until it is disposed of."

There was also included in the Code of Civil Procedure an article relating to preferred and deferred causes. By section 789 it was provided that certain actions brought by the people are entitled, on the application of the attorney general, to a preference over any other business at a term or sitting of any court of the state, irrespective of their place on the calendar. By section 790 this same provision is applied to criminal cases. There can be no question of the intention of the legislature as to these two classes of cases. They were to be given a preference irrespective of the place they occupied upon the calendar, and could thus be moved out of their order at any time. By section 791 it is provided that civil cases are entitled to preference among themselves in the trying and hearing thereof in the following order. Then follows 12 subdivisions, specifying certain actions that would seem to have been given certain preference, but on different conditions. Subdivision 1 applies to actions or special proceedings brought by or against the people of the state or against a state officer. In such an action or proceeding the attorney general can give notice at the time of the service of the notice of trial or argument of a particular day in the term on which he will move it. If on that day the cause is not moved by the attorney for the state, the other party may then move the trial or argument; otherwise it shall not be moved out

of its order at that term, except by the special order of the court. The same provision is extended by subdivision 2 to an action or special proceeding in which the city of New York or certain municipal officers are parties. Subdivisions 3 and 3a apply to appeals, and subdivision 4 applies to the court of appeals. Subdivisions 5–11 provide that several special classes of action shall have a preference over other actions in the hearing and trial thereof.

In the Code of Civil Procedure as originally passed no method was prescribed by which a case should be given the preference provided for by section 791 of the Code. Section 793 of the Code provided that in the cases where the facts which constituted a right to a preference did not appear upon the pleadings, or other papers upon which the cause was to be tried, the party desiring the preference "must procure an order therefor from the court or a judge thereof upon notice to the adverse party." That section was amended by chapter 497 of the Laws of 1888, so as to provide that:

"No action or special proceeding shall be placed as a preferred cause upon the calendar of any circuit court or trial term or special term of any court, but the party desiring a preference of any cause shall serve upon the opposite party, with his notice of trial, a notice that an application will be made to the court, at the opening thereof, for leave to move the same as a preferred cause. * * * The application for a preference shall be made at the opening of the court, and if it shall appear that the cause is entitled to a preference, and is intended to be moved for trial at the term at which the application is made, the court may direct that it shall be so heard."

This provision applied to the whole state, and made an application to the court necessary before any case could be preferred. This section was further amended by chapter 410 of the Laws of 1895, as follows:

"Where no order is required, a claim for preference, specifying the provision of law under which the claim is made, may be inserted in the note of issue to be filed with the clerk. It shall then be the duty of such clerk to place such cause in its proper place among the preferred causes at the head of the calendar, except that in the counties of New York and Kings and the Seventh judicial district no action or special proceeding shall be placed as a preferred cause upon the calendar of any circuit court or trial term or special term of any court as herein provided, but the party desiring a preference of any cause shall serve upon the opposite party, with his notice of trial, a notice that an application will be made to the court at the opening thereof for leave to move the same as a preferred cause. * * * In said counties of New York and Kings and the Seventh judicial district, the application for a preference shall be made at the opening of the court, and if it shall appear that the cause is entitled to a preference, and is intended to be moved for trial at the term at which the application is made, the court may direct that it shall be so heard."

This section has been since amended by chapter 140 of the Laws of 1896, and chapter 172 of the Laws of 1900, but the provision, so far as it affects this county, has not been changed. We have in this provision of the statute a distinction between two classes of actions in which it was intended to provide for a preference. In one class of actions, in which the state or certain municipal corporations were parties, provision is made for moving a cause for trial upon any particular day in a term, irrespective of the position of the cause upon the calendar. Certain other classes of cases are given

a preference upon the calendar in all counties of the state, except that in New York, Kings, Queens, and Erie, and the Seventh judicial district, the claim for a preference must be inserted in a note of issue to be filed with the clerk, and it was then the duty of the clerk to place such cause as a preferred case on the calendar. This provision was mandatory. The clerk had plainly no discretion. From this provision, however, the counties of New York, Kings, Queens, and Erie, and the Seventh judicial district, were expressly excepted, for in those counties no action or special proceeding was to be placed as a preferred cause upon the calendar. The mandatory provision which applied to the other portions of the state was not made applicable to these counties. In those counties, instead of mandatory provision by which the clerk was required to place the cause upon the preferred calendar, provision was made for an application to the court, by a party claiming a preference, for leave to move the same as a preferred cause; and "if upon such application it should appear that the cause is entitled to a preference, and is intended to be moved for trial at the term at which the application is made, the court may direct that it shall be so heard." It seems to me that there is a distinction made between these two classes depending upon the locality in which the action is brought. In one case the party claims his preference in his note of issue filed with the clerk, and the clerk is then required to place that action among the preferred causes for the term of court at which the case has been noticed for trial. No application to the court is necessary, no discretion as to the granting of the preference is given, and it would appear that this provision applied to the counties of the state when a new calendar was made up for each term. As to the other counties, however, an entirely different system is provided. There the case was to go upon the calendar in its regular order. If either party to an action desires the cause to be taken out of its regular order and tried, he is required to make an application to the court for leave to move the same as a preferred cause in the manner and at the time prescribed by the Code. If it was intended that this provision should be mandatory, and the mere fact that the action was one of the classes embraced within subdivisions 5 to 11, inclusive, of section 791, entitled it to be tried before all other causes on the calendar, it is not apparent why an application to the court was necessary, as that question could have been determined by the clerk as in the other counties of the state. In those counties, however, an application must be made to the court for its judicial action. The court is then authorized to act upon that application. If it shall appear that the cause is entitled to a preference, and is intended to be moved for trial at or for the term for which the application is made, the court or justice may direct that it shall be so heard. From this language we think that it was intended to give to the court a discretion as to whether or not the action in which the application is made should or should not be heard at that term of the court. The contrast between the mandatory provision in relation to the other counties of the state and the counties embraced within the provision which we are now considering is very

marked. In one case it is made the duty of the clerk to place the cause upon the preferred calendar; its place is determined by the specific provision of the section; in the other the court is given authority to take the case out of its order on the general calendar, and dispose of it at a particular term of the court. There is no direction that the cause shall be taken out of its order and placed at the head of the calendar, but the court in such a case has authority to order it tried at the particular term at which the application is made. Whether or not it shall be or can be tried at such a term must necessarily depend upon the state of the business at that term and the judicial force then available for the trial of cases, the number of cases which has been especially set down for trial at the term, and the many other contingencies that arise effecting the transaction of business at a term of a court. In one case, it was made the duty of the clerk; in another case, authority is given to the court to try the case, although not reached in its regular order; but there is nothing in this provision that made it the duty of the court to set aside all of its other business and to proceed with the trial of a particular case because one of the parties has applied to the court that it should be so tried. The inherent power of a court to control its own calendar, and to determine the order in which its business shall be performed, would be a reason why the legislature should give the court discretion as to when a case, though entitled to a preference as to a term for which the case was noticed, should be taken out of its order on the calendar and disposed of; and the words used, when providing for the disposition of an application to have the case taken out of its order and tried at a particular term, justify the presumption that such was the intention. It was not made the duty of the court to try the case at the time at which the application was made, but it was provided that the court "may" direct the action at such term. The condition of the calendar in New York at the present time shows how essential it is that in the disposition of the public business there should be a discretion as to whether or not any particular action should be taken out of its order and advanced ahead of the untried cases. The practice has been to grant such applications in actions specified in section 791 of the Code as a matter of course, and the consequence is that more than one-half of the time of the court each term is taken up in the trial of cases thus advanced, in many of which it is impossible to see that either the public interests or the interests of the particular litigants are such that they should be tried before other causes of the same general character upon the regular calendar. Take the case of a person who sues to recover for a personal injury, if the plaintiff is an infant he is entitled to a preference under section 791 of the Code; if an adult, no such action can be awarded. Where the injury results in death, his administrator, suing for the benefit of the next of kin, is entitled to a preference. If he is maimed for life, so as to be perfectly helpless, his case must take its turn upon the general calendar. If the action is for libel, it is entitled to a preference, while, if it is for slander for repeating the same defamatory matter, it must take its place upon the general calendar; and

other causes might be instanced which would present the same result. Where a new calendar is made up as each term is disposed of, no particular injustice is occasioned by putting cases specified in section 791 upon a preferred calendar. Where, however, it takes many months to reach a case upon the general calendar, it is apparent that it is a great injustice to the general class of litigants to postpone the trial of their actions until all of the actions specified in section 791 of the Code are disposed of. A reason is therefore apparent why there should be a distinction between the several counties of the state, depending upon the amount and nature of the business to be transacted and the condition of the calendar, and why, as to the counties in which there is a serious arrears in the trial of cases, the legislature should leave it to the discretion of the court, to be determined upon the character of the particular case moved and the condition of the public business ready to be transacted at a particular term, as to whether any particular case should or should not be taken out of its order and tried.

The question whether the word "may" is to be construed as mandatory or discretionary has been much discussed, but the general rule is that the ordinary meaning of the word is that there is involved a discretion, and it is to be construed in a mandatory sense only where such construction is necessary to give effect to the clear policy and intention of the legislature; that where there is nothing in the connection or the language or in the sense or policy of the provision to require an unusual interpretation it will be given its ordinary meaning (20 Am. & Eng. Enc. Law [2d Ed.] p. 237); and that where, by the use in other provisions of the statute of mandatory words, it appears that the legislature intended to distinguish between these words and "may," "may" will not be construed as imperative (Id. 238). In the case of People v. City of Syracuse, 59 Hun, 258, 12 N. Y. Supp. 890, affirmed by the court of appeals (128 N. Y. 632, 29 N. E. 146), Judge Martin states the general rule that "such exposition ought to be adopted as shall carry into effect the true intent and object of the enactment. The ordinary meaning of the word, which is permissive, ought to be adopted, and must be presumed to be intended, unless it would manifestly defeat the object of the provision." And, after a full review of the authorities, he says:

"The decisions holding that permissive words should sometimes be construed as mandatory have been based upon the supposed intent of the legislature. While general expressions have been used which, when taken alone, might seem to indicate that the word 'may,' or words of similar import, should be construed as mandatory when the public interest or the rights of individuals are involved, independent of any question of legislative intent, still, when the cases are examined, it will be seen that such construction has prevailed only in cases where the statute under consideration, when taken as a whole and viewed in the light of surrounding circumstances, indicated a purpose on the part of the legislature to enact a law mandatory in its character."

In Cain v. City of Syracuse, 95 N. Y. 83, Judge Finch said:

"We must consider the nature and scope of the duty, and in so doing must not be misled by the test which makes permissive words absolute and a command. That test is applicable only to solve a doubt, and determine

between a ministerial and judicial duty when such duty may possibly belong to either class, but will not serve to make a duty which is inherently and inevitably discretionary nevertheless ministerial, because the public have an interest in its exercise or the rights of individuals may be affected by it."

We have here in this case the reference of a question to a court which necessarily involves judicial action. The question to be determined is as to whether a particular case should be advanced over other cases upon the calendar and tried at a particular time. The rights of the litigants, other than those of what have been called the preferred class, are at issue as well as the rights of the parties to the action in which the application is made. Under this section the court is bound upon such an application to determine that judicial question, but when the legislature says upon such an application it may grant a preference it would seem that it was intended that the court to which the application is made should exercise its judicial discretion in determining whether the application should be granted. Assuming it to have been discretionary with the court below, should we on this appeal reverse the exercise of that discretion? This action was for libel, and within subdivision 11 of section 791 of the Code. The plaintiff moved for a preference upon an affidavit alleging the nature of the action. In opposition to this motion, an affidavit was presented showing that this action was first noticed for trial at the November 19th term; that upon the general calendar the last case called was number 3,374, which was noticed for trial for the June term, 1899; that the months of June and October, 1901, had been occupied exclusively with preferred causes or old causes which had been previously called; that the number of the last case noticed for October, 1901, was 12,299. No special reason was given why this case should be preferred over those cases noticed for June and October, 1899, except the fact that it is an action brought to recover damages for a libel. In October, 1901, the cases noticed for June, 1899, had not had an opportunity for trial, and it was asked that this action, first noticed for November, 1901, should be preferred over all of the other cases upon the calendar waiting for trial, upon the sole ground that the action is brought to recover damages sustained by the plaintiff in consequence of a libelous publication in a newspaper. Was there any fact here presented that justified the court in the exercise of its discretion in taking this case out of its order on the calendar and trying it in the November term, 1901? It would seem that there was none, except that the legislature had included actions for libel in section 791 as actions which would be, as between other actions, entitled to a preference; but there is nothing in the section that requires the court to give an action for libel, first noticed for trial for the November term, 1901, a preference over other actions noticed for trial for June and October, 1899; and while it might well be that the public interests, or the condition of the parties to a particular action, as where the settlement of an estate requires that the action should be disposed of, would justify the court in giving to a case such a preference, and in requiring all other actions upon the calendar ready for trial to be postponed until the case could be tried, the mere fact that the action is for libel does not, we think, justify the court in giving it such a preference. It would undoubtedly be entitled to a preference

over cases noticed for the same term, but giving it a preference over cases ready and noticed for trial for over two years would seem to be without justification. The learned trial judge who granted this application undoubtedly relied upon the general course of practice to which attention has been called; but we have discussed this question at length, as it will settle a calendar practice in this department, upon which undoubtedly the ordinary practice has been opposed to the views that we have here adopted.

There is nothing in the case of Hayes v. Gas Co., 143 N. Y. 641, 37 N. E. 648, which affects this question. It was there determined that a refusal of the court to grant a preference, to which the plaintiff claimed she was entitled under section 791 of the Code, where such claim was not opposed by the defendant, was not appealable to the court of appeals; that, where a trial judge refused to try her case when she claimed she was entitled to have it tried, her remedy was not by appeal, but by mandamus to compel him to do his duty. The construction to be given to these sections of the Code was not before the court or discussed in the opinion.

In the case at bar, the court below having exercised its discretion, we do not care to interfere with it, and the order should be affirmed, with $10 costs and disbursements.

VAN BRUNT, P. J., and McLAUGHLIN and HATCH, JJ., concur.

LAUGHLIN, J. (concurring). This appeal challenges the regularity of the practice which has long prevailed in this department of giving statutory preferred causes preference at each new term of court over nonpreferred causes on the general calendar noticed for trial at preceding terms. This is an action for libel. Issue was joined herein on the 24th day of June, 1899. The case was duly noticed for the November term, 1901, and with notice of trial the plaintiff served a notice of motion for a preference for the first day of the term. The motion was granted, and the cause, which is No. 12,368 on the general calendar, was ordered placed at the foot of the Friday call calendar, to be called as provided in rule 7. The contention of appellant is that these preferred causes have a preference only over the nonpreferred causes noticed for the same term, and that they cannot be taken up until all causes upon calendars for previous terms have been disposed of. The question hinges on the construction of that part of section 977 of the Code of Civil Procedure which reads as follows:

"In the counties of New York, Kings, Queens, Richmond, Albany, Erie, Monroe and Onondaga, where a party has served a notice of trial, and filed a note of issue for a term at which the case is not tried, it is not necessary for him to serve a new notice of trial, or file a new note of issue for a succeeding term; and the action must remain on the calendar until it is disposed of."

As to the First judicial district this is a substantial enactment of section 256 of the Code of Procedure. The other counties have been included by amendments enacted from time to time, com-

mencing with the county of Kings in 1882 (chapter 96, Laws 1882). The appellant claims that the proper construction of this provision of the law is that in New York and the other counties where causes are only required to be noticed once, and only one note of issue is required to be filed, those causes remain upon the calendar prepared for the term for which they were noticed originally, and that they must be tried, whether reached at that term or not, before any cause, either preferred or nonpreferred, subsequently noticed, can be brought on. If this had been the intention of the legislature, I think it would have been expressed in more appropriate language. The legislature has not provided that no new calendar shall be prepared for succeeding terms until the old calendar is exhausted, but, on the contrary, it has expressly provided by this section 977 that a calendar shall be prepared for each term of court. It is obvious, I think, that the sole purpose of this enactment was to relieve attorneys of the useless but exacting formality of frequently filing notes of issue and noticing their causes in counties where there are large calendars and many terms of court, and where the trials of issues were often delayed, and the rights of litigants prejudiced either by an omission to refile a note of issue or renotice a cause, or the right to move a cause at a pending term was lost by noticing it for a future term without reservation. The legislature, I think, merely intended that in making up each new calendar the clerk should add thereto, without the filing of a new note of issue, causes regularly placed on the preceding calendar, but which had not been disposed of. This construction leaves the practice uniform throughout the state as to the preference of preferred causes over nonpreferred causes, no matter how often on previous calendars, the only difference being with reference to the manner of securing the preference. In the counties of New York, Kings, Queens, Erie, and in the Seventh judicial district the causes are placed on the calendar according to dates of issue, and preference is obtained by motion, while in the other counties they are placed at the head of the calendar as preferred causes. The construction contended for by the appellant imputes to the legislature an intention, by these amendments, to change the rules of preference which are prescribed in other sections of the Code, and to attach a penalty to a failure to notice a cause for the first term after issue joined. If the construction contended for the right to such preference being claimed in the note of issue (Code Civ. Proc. § 793) by the appellant prevailed, then the legislature intended to provide that all issues noticed for a particular term, in the counties specified, should be tried at that or succeeding terms before any cause, preferred or nonpreferred, with certain exceptions not necessary to be considered, should be taken up. In all other counties of the state, however, where causes must be renoticed and new notes of issue filed for each new term, it is conceded that all issues go upon the same calendar, and that the last issue, if preferred, takes preference over the earliest, if not preferred. But this inconsistency would be one only of the absurdities that would result from such construction. In the last-mentioned counties, if a cause be not ready for trial at a particular term, a party incurs no

penalty in not noticing it, or in moving it off the calendar if his opponent notices it. In either case the cause goes upon the next calendar in its proper place, according to the date of issue. According to appellant's contention, however, if a cause be not noticed for a term in New York and the other counties classified with it in that regard, the result is entirely different. Not only is the right to move the cause at that term lost, but its trial must be deferred until all causes noticed or on the calendar for that term are first tried. When we consider that unless a cause is ready for trial a party cannot safely notice it for the first term after issue joined, because noticing it estops him from pleading that he is not ready for trial except for cause arising or coming to his knowledge subsequently, it seems manifest that the construction contended for by appellant is erroneous. We think that the true construction is that which has always prevailed in this department and throughout the state, except in Kings county, where it has been recently changed by the decision in Schuman v. Railroad Co. (Sup.) 71 N. Y. Supp. 1095, affirmed on argument, without opinion, 64 App. Div. 620, 72 N. Y. Supp. 1127. We are not, I think, under any obligation to follow the Schuman Case, and change what I deem the correct calendar practice which has heretofore prevailed in this department.

I have examined the other provisions of the Code relating to preference in civil and criminal causes, both at trial term and on appeal (Code Civ. Proc. §§ 789–791, 793), and we find nothing therein which militates against the construction here indicated.

The fact that it has not been the practice in this district to prepare a new calendar for each term of court, as required by section 977 of the Code of Civil Procedure, cannot affect the proper construction of the statute with reference to preferences. Although the question before us is not whether these calendars must be printed, it may be observed that the noncompliance with the law in that regard has prejudiced no one, and has resulted in a large saving of money to the taxpayers. In the county of New York, which constitutes the First judicial district, new trial terms consisting of many parts commence on the first Monday of each month, except the months of July, August, and September. The general trial calendar is so large that, except in causes which are preferred, issues of less than two years standing have not yet been reached for trial. Of what use or benefit would it be to the court or to the litigants whose causes cannot be reached, or to their attorneys, for the city to incur the enormous expense of printing new calendars, involving all the issues, new and old, for each new term of court? For the purpose of obviating this unnecessary expenditure of money, this court has prescribed by rule 1 of the trial term rules that a general calendar shall be made up from time to time, as ordered by this court; that it shall be the calendar for the several trial terms until a new calendar is ordered to be made; that causes subsequently noticed for trial, in which notes of issue are filed, shall be added to the general calendar at the foot thereof. This rule, except in so far as it dispenses with the preparation of new calendars, is entirely consistent with the provisions of the Code relating to the preparation of calendars and the giving of preferences. How else could the newly noticed

issues have been added? It would not be practicable to prepare a skeleton calendar to provide for the insertion of such causes in the proper places for the term next after their being noticed. It may be that the rule has been improperly construed, and that causes thus added at the foot of the general calendar have not been given their proper place according to their dates of issue, in preparing a list of the causes for the call calendars; but, even if so, that does not affect the question now under consideration. Trial term rule 3, which is fully authorized by section 793 of the Code of Civil Procedure, provides that, where a preliminary order for a preference is necessary, the application therefor shall be made at part 2 of the trial term, and that if the application shall be granted the court shall direct the cause to be placed on the Friday calendar, to be called as provided in rule 8. Rule 8 provides, in substance, for a calendar call on Friday of each week for the purpose of preparing a calendar of issues to be tried in the several trial terms the week following. Provision is made for publishing notices of a list of the causes to be so called. This embraces all preferred causes where the right to preference has been preserved, and such number of the nonpreferred causes as are deemed sufficient to keep the courts in business for the time specified. The proper construction of these rules is that all preferred causes, where the right of preference has been secured, which have been duly noticed, and in which notes of issue have been filed at any term prior thereto, shall be placed on the call calendar, and that in addition thereto the requisite number of nonpreferred causes shall be taken from the general calendar according to the dates of issue, regardless of whether they were on the general calendar when originally prepared or have been added at the foot. In the case at bar the right to a preference is granted by subdivision 11 of section 791 of the Code of Civil Procedure, and the court has directed that it be heard as a preferred cause, pursuant to the provisions of section 793 of the Code of Civil Procedure and the rules made thereunder. In these circumstances it is conceded in the prevailing opinion that this issue must be given preference; but that opinion declares that in the county of New York and certain other counties the right of preference, in causes specified in section 971 of the Code of Civil Procedure, is not absolute, but rests in the discretion of the court. In this view I do not concur. The decision of the court in determining the existence of the facts upon which the right to a preference is based, and also in determining whether it is intended to move the cause for trial at the ensuing term, doubtless rests somewhat in discretion; but where the facts are undisputed, or are found in favor of the moving party, then the right to a preference is absolute. In other words, the statute is mandatory, not directory, and the discretion of the court is confined to passing upon the facts. These statutory provisions for preference have always been construed as giving an absolute right to a preference, and I see no reason for giving them a different construction now. One of the innumerable evils that will result from construing the statute as vesting the whole matter in the discretion of the court, with a suggestion that preferences ought to be refused, is that the settlement of estates in litigation will be delayed indefinitely. Many other apparent diffi-

culties might be pointed out, and still others not now apparent will arise from a construction of the statute, which, in my judgment, overthrows the will of the legislature.

It follows that the order appealed from was authorized, and it should be affirmed.