(38 Misc. Rep. 44.)

## DOOLEY v. PAGET.

(Supreme Court, Trial Term, New York County.   May, 1902.)

PREFERENCE ON CALENDAR—AFFIDAVIT.

   On a motion for a preference under Code Civ. Proc. § 791, on the
   ground that the sole plaintiff sues as administratrix, the rule that some
   other fact than that the action is one specified in said section must be
   shown to justify the preference is satisfied where the affidavit alleges
   that the plaintiff was absolutely dependent upon her intestate for her
   support.

Action by Mary Dooley, as administratrix, against Claude Paget.
Motion for preference granted.

Lamb, Osborne & Petty, for the motion.
F. V. Johnson, opposed.

GILDERSLEEVE, J.   The motion is under section 791 of the
Code, on the ground that the sole plaintiff sues as administratrix.
The defendant raises the objection that the notice of motion does
not state that it is made upon the pleadings, as well as upon the no-
tice of trial and upon the affidavits; and the defendant's counsel cites
Roberts v. Jenkins, 52 App. Div. 491, 65 N. Y. Supp. 385, and Ma-
rando v. T. A. Gillespie Co., 54 App. Div. 488, 66 N. Y. Supp. 1027,
in support of his contention.   These authorities hold that the right
to a preference upon the calendar will not be inferred from the simple
fact that the title of the action indicates that the plaintiff is an ad-
ministratrix, where the pleadings are not before the court.   This
motion does not come within these authorities, for the simple reason
that the pleadings are before the court, besides which, the affidavit
states the statutory fact.   The notice of motion is for the commence-
ment of the term for which the notice of trial was served, and satis-
fies the requirements of section 793 of the Code, as construed in the
case of Marks v. Murphy, 27 App. Div. 160, 50 N. Y. Supp. 622.
There is no merit whatever in defendant's contention of irregularity.
The plaintiff has also satisfied the requirement of the rule laid down
in the case of Morse v. Publishing Co. (Sup.) 75 N. Y. Supp. 976,
that, in motions under section 791 of the Code, some other fact than
that the action is one specified in said section must be shown, to jus-
tify the court in preferring the action over issues noticed for trial for
prior terms.   It appears by affidavit that plaintiff was absolutely de-
pendent upon her intestate for support, and that by his death, caused
by the negligence of defendant, she is left without any means, except
such as she is able to obtain from the charity of friends.   The motion
to advance this case, and place it on the Friday call calendar of this
court for the 16th day of May, 1902, is granted.
   Motion granted.