render possession of the pin by reason of the alleged fraudulent representations of the defendant as to his age, and in view of the circumstances we cannot perceive any possible reason for the trial justice's refusal of the amendment, especially as no opposition, even on the ground of surprise, had been offered thereto. It results from these views that the justice erred in not allowing the amendment, and that for such error the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide event. All concur.

---

(38 Misc. Rep. 45.)

### EMERICK v. METROPOLITAN ST. RY. CO.

(Supreme Court, Trial Term, New York County. May, 1902.)

PREFERENCE ON CALENDAR—WAIVER.

Where a sole plaintiff, suing as administratrix, in an action triable in the county of New York, serves a notice of trial, and a notice of a motion for preference, under Code Civ. Proc. § 791, for the April term, 1902, and they are not withdrawn or acted upon, the failure to make that motion in the April term operates as a waiver of the right to a preference, and she cannot obtain it by serving similar papers for the May term.

Action by Elizabeth C. Emerick, administratrix, against the Metropolitan Street Railway Company. Motion for preference denied.

A. C. Nanz, for the motion.
H. A. Robinson, opposed.

GILDERSLEEVE, J. It appears that plaintiff served notice of trial and notice of motion for a preference, under section 791 of the Code, for the April term, 1902, which were never withdrawn, nor were they, apparently, in any way acted upon at the commencement of the said April term. The plaintiff subsequently served another notice of trial and notice of motion for the May term, 1902. The original notice of trial for the April term was in full force, and a motion to place a cause upon the preferred calendar in this county, under section 793 of the Code, must be made at the commencement of the term for which the notice of trial is served, and a failure to make the motion at that time operates as a waiver of the statutory right to a preference. The subsequent notice of trial for the May term is futile either to avoid the effect of the waiver, or to support a new application to obtain the preference as a matter of right. This motion was not addressed to the discretion of the court, but was made as a matter of right under the terms of the statute, and under such circumstances the plaintiff must be held to strict practice. Marks v. Murphy, 27 App. Div. 160–162, 50 N. Y. Supp. 622 (First department; Barrett, J.). The motion for a preference must be denied.

Motion denied.