(74 App. Div. 308.)

## SHEERIN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. TRIAL—CALENDAR—PREFERENCE—CITY OF NEW YORK.
   Under Code Civ. Proc. § 791, subd. 2, providing that in an action in which the city of New York is a party, where a notice has been given at the time of service of the notice of trial of a particular day in the term on which the city would move the case for trial the case should have a preference upon the calendar, when such notice has been given the city is entitled to have the case tried at the term for which it has been noticed, without regard to the position of the case on the calendar.

Appeal from trial term, New York county.

Action by Bernard Sheerin against the city of New York. From an order denying a motion to advance the cause on the calendar, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-SON, INGRAHAM, and LAUGHLIN, JJ.

Theodore Connoly, for appellant.

Ernest Chilton, for respondent.

INGRAHAM, J. This action was commenced against the city of New York to recover the amount due to the plaintiff as an employé in the department of street cleaning. The case being at issue, the defendant applied, under subdivision 2 of section 791 of the Code of Civil Procedure, to give the case a preference on the calendar. That section provides that in an action or special proceeding in which the city of New York is a party, where a notice has been given at the time of service of the notice of trial of a particular day in the term on which the city of New York would move the case for trial, the case should have a preference upon the calendar. It would seem to have been intended that, in an action to which the city of New York is a party, the city should have the right to have the case tried at the term for which it was noticed for trial, irrespective of its position upon the calendar. There is a clear distinction between cases arising under subdivisions 1 and 2 of section 791 of the Code and those arising under subdivisions 5 to 11, inclusive, and subdivision 13 of that section. In the one case the attorney representing the state or municipal corporation is given the right to move the case for a particular day in the term for which it has been noticed, while in the other cases specified in section 791 of the Code the application to the court is for a preference, and the court has power, in its discretion, to direct that the case be tried at a term at which the application is made. That there is a plain distinction between these two classes of cases is shown by section 793 of the Code, where it is provided that the order for a preference is not required in an action embraced within subdivisions 1 or 2 of section 791 of the Code, and this distinction was noticed in deciding Morse v. Publishing Co., 71 App. Div. 357, 75 N. Y. Supp. 976. We think that in the cases specified in subdivisions 1 and 2 of section 791 of the Code the attorney for either the state or the municipal corporation is entitled, upon giving the notice therein provided for, to have the case tried at the term for which it has been noticed, without regard to the position of the case upon the calendar. It follows that the order appealed from should be reversed, and the case remitted to the trial term, to be disposed of as herein indicated, without costs.

Order reversed, and case remitted to trial term as indicated in opinion, without costs. All concur.