(96 App. Div. 165.)
## CARROLL v. PENNSYLVANIA STEEL CO.

(Supreme Court, Appellate Division, First Department.· July 13, 1904.)

1. MOTION FOR PREFERENCE—MOVING PAPERS—AFFIDAVIT SHOWING MERITS.
   Under Code Civ. Proc. § 791, subd. 5, authorizing the preference of certain actions by administrators, etc., a motion for preference made in such an action upon the pleadings, merely, without any showing by affidavit as to why the action should be preferred, cannot be granted.

Appeal from Special Term, New York County.

Action by Alice M. Carroll, as administratrix of William W. Carroll, deceased, against the Pennsylvania Steel Company. From an order granting plaintiff's motion to prefer the action, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Henry Bogert Clark, for appellant.
Hiram O. Hance, for respondent.

PER CURIAM. This motion for a preference was made upon the ground that the action is one of those specified in subdivision 5

of section 791 of the Code of Civil Procedure. The motion was made upon the pleadings, and no affidavit was presented to the court showing any facts or special reason why the action should be preferred over other issues. An application for a preference is one addressed to the discretion of the court, and, to the end that it should be exercised favorably or unfavorably to the applicant, some facts should be presented to the court, other than that the case is one which might be preferred under section 791 of the Code of Civil Procedure. This rule has been adopted in Eising v. Young, 38 Misc. Rep. 12, 76 N. Y. Supp. 698, and Davis v. Westervelt, 38 Misc. Rep. 13, 76 N. Y. Supp. 695, in which cases the decision of this court in Morse v. Press Publishing Co., 71 App. Div. 351, 75 N. Y. Supp. 976, was followed. It was not sufficient, therefore, upon the pleadings alone, showing that this was a case which, from the nature of the action, might be preferred, to move for a preference, but other facts should have been presented, to enable the court to exercise its discretion. For the reason that the motion papers were insufficient, the motion should have been denied.

It follows, accordingly, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied.