(98 App. Div. 146)

MARTIN'S BANK, Limited, v. AMAZONAS CO.

(Supreme Court, Appellate Division, First Department.   November 25, 1904.)

1. TRIAL—CALENDARS—PREFERENCE—ACTION ON BILL.

    An action by a foreign corporation on a foreign bill of exchange accepted by defendant corporation in the city of New York is an action within Code Civ. Proc. § 791, subd. 8, giving a preference to an action "against a corporation founded on a note or other evidence of debt or for the absolute payment of money."

2. SAME—DISCRETION—STATUTES.

    Since Laws 1904, p. 312, c. 173, amending Code Civ. Proc. § 793, requiring preferred cases to be set down for a day certain, is unconstitutional, a plaintiff entitled to a preference in the absence of special facts calling for the exercise of the court's judicial discretion should only be allowed preference over nonpreferred cases noticed for the same term.

Appeal from Trial Term, New York County.

Action by the Martin's Bank, Limited, against the Amazonas Company.   From an order placing the cause on the special calendar of part 2 for trial as a short cause, as authorized by Supreme Court Rule 5. defendant appeals.   Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

W. M. Seabury, for appellant.

Abraham Benedict, for respondent.

LAUGHLIN, J.   The plaintiff, a foreign corporation, brings this action upon a foreign bill of exchange accepted by the defendant in the city of New York.   The answer admits the acceptance, but alleges that it was for the accomodation of the drawers, and ultra vires, and that respondent purchased the bill with knowledge of the facts.   The action falls within subdivision 8 of section 791 of the Code of Civil Procedure, which gives preference to an action, among others, "against a corporation, founded upon a note or other evidence of debt for the absolute payment of money."   We are of opinion that no discrimination was intended by the Legislature in the trial of causes between actions against domestic and foreign corporations, and this, we think, has been its accepted construction.   See Polhemus v. Railroad Co., 113 N. Y. 617, 20 N. E. 601; Miller v. Quincy (Court of Appeals, Oct. 28, 1904) 72 N. E. 116.

The learned counsel for the respondent concedes that the order is erroneous in so far as it places the cause upon the short-cause calendar. The motion was to have a cause preferred and set down for a day certain, under section 793 of the Code of Civil Procedure, as amended by chapter 173, p. 312, of the Laws of 1904, and this is the relief to which the respondent claims that it is entitled.   The order cannot be so modified, however, for this court has decided that said amendment to section 793 of the Code made in 1904 is unconstitutional and void.   The plaintiff's right to a preference, therefore, rests upon the provisions of section 793 of the Code as the same stood before the amendment, and when construed by this court in Morse v. Press Pub. Co., 71 App. Div. 352, 75 N. Y. Supp. 976.   It was there held that, in the absence of spe-

cial facts or circumstances calling for the exercise of the judicial discretion, the preference should only be allowed over nonpreferred cases noticed for the same term.

The order should therefore be modified by allowing preference only over nonpreferred causes noticed for the same term, and, as thus modified, affirmed, without costs.  All concur.