vided that "an execution is the process of the court from which it is issued."

It is contended that the execution may have been issued out of the Supreme Court, and not by the county clerk, but by the attorney. Such fact will not be assumed; but upon the allegation that it was duly issued the court will, until proof to the contrary is presented, presume that section 260 of the Municipal Court act has been complied with. Moreover, it has been held that an execution upon the judgment of the Municipal Court docketed in the county clerk's office, issued by the plaintiff's attorney, and not by the county clerk, was not void, but merely irregular, and that the court was not deprived by such irregularity of jurisdiction to entertain supplementary proceedings founded upon such execution. Bareither v. Brosche, (Com. Pl.) 13 N. Y. Supp. 561, citing Hill v. Haynes, 54 N. Y. 156; Wright v. Nostrand, 94 N. Y. 48; Code Civ. Proc. §§ 23, 24.

The motion is granted, and the judgment debtor fined the amount of the judgment. The judgment debtor will be permitted to purge himself of the contempt, provided he appears and submits to examination on April 27th, at 10 a. m., and on or before that time pays the sum of $10 costs.

---

(54 Misc. 83)

### ORTNER v. NEW YORK CITY RY. CO.

(City Court of New York, Special Term. January, 1907.)

1. TRIAL—TIME OF TRIAL—PREFERENCE—DISCRETION OF COURT.

An application for preference is addressed to the discretion of the court, and some fact should be presented to the court other than that the case is one which might be preferred.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 32.]

2. SAME—SUFFICIENCY OF AFFIDAVIT.

An affidavit of a physician of plaintiff, who was about 60 years old, stated that affiant was of the belief that the plaintiff could not live for more than a year at the most; that his injuries consisted of bruises, lacerations of the skull, bruises and contusions of the left shoulder resulting in a serious injury to the left shoulder joint, and internal injuries of a serious nature, injuries to his right leg resulting in permanent sticking pains, and other bruises about the body resulting in a permanent headache; that the physician believed he could not be cured; that his condition had become worse, resulting in several diseases, such as general debility, weakness, and nervous twitchings. Held not to show an immediate necessity nor compelling circumstances, such as to warrant a preference on the calendar.

Action by Bork Ortner against the New York City Railway Company. On motion for preference. Denied.

Scherer & Dashen, for plaintiff.

Charles J. Chalmers (Jas. L. Quackenbush, of counsel), for defendant.

WADHAMS, J. Motion is made for preference on the ground that injustice would be done plaintiff by reason of his declining health unless a preference were granted.

The application is addressed to the discretion of the court, and some fact should be presented to the court other than that the case is one which might be preferred. Carroll v. Penn. Steel Co., 96 App. Div. 165, 89 N. Y. Supp. 199. In this case the plaintiff is about 60 years of age, and the affidavit of his physician states that he is "of the belief, and it is his convinced and sincere opinion, that the plaintiff cannot prolong his life for more than about a year at the most." The injuries are particularized as "bruises, lacerations of the skull, bruises and contusions of the left shoulder, resulting in a serious injury to the left shoulder joint, and internal injuries of a serious nature, bruises, lacerations, and contusions of his right leg, resulting in permanent sticking pains in said leg, and other bruises and contusions about the body and limbs as to result in a permanent headache since the 19th day of June, 1906." It is further alleged to be the belief of the physician "that the plaintiff cannot be cured"; that "his condition has become worse, resulting in a complication of several diseases and sicknesses, particularly a general debility, weakness, and nervous twitching"; and that "the injuries and resulting consequences thereof have been very effective in bringing about the shortening of the plaintiff's life."

Without passing upon the question whether or not the court should exercise its discretion in a case of probable death in the near future by reason of the injuries sustained or other cause, it is clear that this is not such a case. No fatal injury nor form of disease is specified. The alleged internal injuries are not stated. The bruises and lacerations are alleged to have resulted in pain and a general debility, and the uncorroborated opinion of plaintiff's physician is that plaintiff cannot prolong his life for more than a year. There is no immediate necessity nor compelling circumstance shown to warrant the exercise of the court's discretion in favor of this plaintiff. The calendar is crowded, and if this motion were granted great injustice would be done to many other litigants whose rights are at issue, as well as the rights of the parties to the action on which this application is made. Morse v. Press Pub. Co., 71 App. Div. 351, 75 N. Y. Supp. 976.

Motion denied, without costs.