(120 App. Div. 382)

### GEGAN v. UNION TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 21, 1907.)

**1. TRIAL—SETTING CAUSES—PREFERENCES.**

Plaintiff was not entitled to a preference in the trial of a cause because the sole defendant was an executor, except over nonpreferred issues noticed for the same term, where no special circumstances were shown.

**2. SAME—APPLICATION—TIME—AMENDMENT OF COMPLAINT—EFFECT.**

The amendment of a complaint which did not change the cause of action did not revive plaintiff's right to a preference in the trial of the cause, which had been lost by plaintiff's failure to assert it when the first notice of trial was served.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 32.]

Appeal from Special Term, New York County.

Action by Mary D. Gegan against the Union Trust Company of New York, as executor of the last will and testament of John H. Drake, deceased. From an order granting plaintiff's motion for a preference in the trial of the cause because the sole defendant is an executor, and setting the case down for trial in Special Term, Part 3, on June 24, 1907, defendant appeals. Reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Benjamin A. Morton, for appellant.

Franklin Bartlett, for respondent.

PER CURIAM. No special facts or circumstances, other than the fact that the defendant is an executor, are shown in the moving papers to warrant the exercise of the discretion of the court, and therefore, under the well-established practice in this Department, the plaintiff was not entitled to a preference, excepting over nonpreferred issues noticed for the same term. Morse v. Press Publishing Co., 71 App. Div. 351, 75 N. Y. Supp. 976; Martin's Bank, Ltd., v. Amazonas Co., 98 App. Div. 146, 90 N. Y. Supp. 734. It does not clearly appear whether or not the order made constitutes a preference in the trial of the issues in this action over issues previously placed upon the calendar, but it would seem likely that that might result from fixing the trial of the action for a day certain. Moreover, the plaintiff has lost his right to a preference by failure to assert it when the issues were first noticed for trial and placed upon the calendar. Marks v. Murphy, 27 App. Div. 160, 50 N. Y. Supp. 622; Eckhard v. Jones, 45 App. Div. 562, 61 N. Y. Supp. 257; Williamson v. Standard Structural Co., 48 App. Div. 186, 62 N. Y. Supp. 815; American Exchange Bank v. Yule Machine Co., 58 App. Div. 320, 68 N. Y. Supp. 1097; Meyerson v. Levy, 117 App. Div. 475, 102 N. Y. Supp. 704. Issue was first joined herein on the 18th day of August, 1897. The plaintiff noticed the issues for trial for the first Monday of October, 1899, and again for the May term, 1903, without giving notice of a claim for preference. The plaintiff was permitted to serve an amended complaint on the 19th day of May,

1906, amplifying, but without changing, the original cause of action. After the service of the answer to the amended complaint the plaintiff again noticed the issues for trial at the May term, 1907, and then gave notice of a claim for preference. This was too late. The amendment of the pleading, which did not change the cause of action, did not revive the right which was lost by the failure to assert it when the first notice of trial was served. Ziegler v. Trenkman, 26 Misc. Rep. 432, 57 N. Y. Supp. 576.

It follows that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.