### GEHRT v. DEANE.

(City Court of New York, Special Term.   February 27, 1908.)

1. TRIAL—DOCKETS, LISTS, AND CALENDARS—PREFERRED CAUSES.

Under Code Civ. Proc. § 791, subd. 5, authorizing the preference of certain actions by administrators, etc., a motion for preference, made in such an action upon the complaint alone, without any showing by affidavit as to why the action should be preferred, cannot be granted, since to enable the court to exercise its discretion other facts should have been presented.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 32.]

2. SAME.

Where an action for the death of an infant was brought by his administrator, the mere fact that the infant was of tender years and was killed while playing in an air shaft into which defendant caused certain material to fall, does not entitle plaintiff to a preference under Code Civ. Proc. §

791, subd. 5, authorizing the preference of certain actions by administrators, etc., since for aught that appears the infant's estate may be a very wealthy one and in no immediate need of the judgment prayed for.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 32.]

Action by Louis C. Gehrt, as administrator of William Schmidt, deceased, against Annie Deane. On motion to prefer the action. Motion denied.

Bennett & Cooley, for plaintiff.
H. M. Bellengir, for defendant.

FINELITE, J. This motion for a preference is made upon the ground that this action is one of those specified in subdivision 5 of section 791 of the Code of Civil Procedure. The plaintiff moves upon his complaint alone, and presents no affidavit containing special facts or circumstances why this action should be preferred over other issues.

An application of this kind is addressed to the discretion of the court, and in order to exercise that discretion the court should be made cognizant of facts other than what the pleadings show that the case is one which might be preferred under section 791 of the Code of Civil Procedure. The complaint shows that about July 26, 1905, William Schmidt, now deceased, of the age of 7½ years, then residing with his mother at No. 168 West 107th street, was accustomed to play at the bottom of a well or air shaft between the buildings Nos. 166 and 168 West 107th street, and while so there the defendant, by her agents and servants, caused certain material to fall where the said infant, William Schmidt, was, and upon him, so that by reason of said material falling upon him he was injured, from which injuries he died on or about July 27, 1905. The mere fact that the infant was of tender years and met his death as aforesaid does not entitle the plaintiff to a preference. For aught I know the estate of the infant may be a very wealthy one and in no immediate need of the judgment prayed for. It seems to me there is no great necessity shown to warrant the exercise of the court's discretion in this case. The calendar of this court is crowded now, and for that reason additional justices were added in order to speedily decrease the great number of cases on said calendar and at issue long before this case was, and if this case should be preferred it would be an injustice to the many other litigants whose rights are at issue preceding this. However, the Appellate Division, First Department, has laid down the rule that it is not sufficient upon the pleadings alone, showing that this was a case which from the nature of the action might be preferred, to move for a preference, but other facts should have been presented to enable the court to exercise its discretion. Carroll v. Penn. Steel Co., 96 App. Div. 165, 89 N. Y. Supp. 199. This rule has been adopted in Eising v. Young, 38 Misc. Rep. 12, 76 N. Y. Supp. 698, and Davis v. Westervelt, 38 Misc. Rep. 13, 76 N. Y. Supp. 695. Also see Gegan v. Union Trust Co., 120 App. Div. 382, 105 N. Y. Supp. 243; Morse v. Press Publishing Co., 71 App. Div. 351, 75 N. Y. Supp. 976; Martin's Bank v. Amazonas Co., 98 App. Div. 146, 90 N. Y. Supp. 734.

Motion denied.