### PECK v. MAHER.

(City Court of New York, Special Term.   March, 1909.)

TRIAL (§ 13*)—PREFERRED CAUSES.

An application for a preference is addressed to the discretion of the court, and the applicant should present some fact other than that the case is one which might be preferred under Code Civ. Proc. § 791; the pleadings not being sufficient.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 32; Dec. Dig. § 13.*]

Action by Bayard L. Peck, as assignee of the estate of James V. Geraghty, against Edward A. Maher, Jr.   On motion for preference. Denied.

Burke and Fay, for plaintiff.
Edward A. Maher, Jr., pro se.

FINELITE, J.   The plaintiff moves for a preference under subdivision 5 of section 791 of the Code of Civil Procedure.   It appears from the moving affidavit that the action is brought by Bayard L. Peck, as assignee of the estate of James V. Geraghty, against the defendant, to recover the sum of $902 on several promissory notes made by the defendant to James V. Geraghty, deceased, for money loaned and advanced to said defendant.   The answer interposed by the defendant pleads a general denial, and in addition thereto a counterclaim for services rendered as attorney for the plaintiff's assignor at his instance and request in relation to certain real estate owned by the said plaintiff's assignor and concerning the leasing of said real estate in question.   From the facts set forth in the moving affidavit the question is presented whether the plaintiff is entitled to a preference under section 791 of the Code of Civil Procedure upon the affidavit and pleadings submitted.

Any application for a preference is one addressed to the discretion of the court, and to the end that it should be exercised favorably or unfavorably to the applicant some fact should be presented to the court other than that the case is one which might be preferred under section 791 of the Code of Civil Procedure.   Other facts than the pleadings should be presented to enable the court to exercise its discretion.   See Carroll, Adm'x, v. Penn. Steel Co., 96 App. Div. 163, 89 N. Y. Supp. 199; Davis, as Trustee, v. Westervelt, 38 Misc. Rep. 13, 76 N. Y. Supp. 695; Eising v. Young, 38 Misc. Rep. 12, 76 N. Y. Supp. 698; Emerick v. Met. St. Ry., 38 Misc. Rep. 45, 76 N. Y. Supp. 901; Riglander v. Star Co., 98 App. Div. 101, 90 N. Y. Supp. 772.   It would be a hardship to other litigants to postpone the trial of their actions, which are now on the trial calendar marked "Ready," wherein the litigants and witnesses are daily in attendance waiting to be assigned to a trial part

---

.*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the disposal of their cases, which have long been at issue, until all the actions specified in section 791 are first disposed of. The plaintiff, if he so desires, can move to advance this action to the short-cause calendar, where he can obtain a speedy trial; and, as no special reason is set forth in the moving papers for a preference, the court must deny the motion.

Submit order.