SAMUEL WEINBERG, Respondent, *v.* NATIONAL TRANSPORTATION
Co., INC., and MORRIS SCHITZKEN, Defendants.
NATIONAL TRANSPORTATION Co., INC., Appellant.

Supreme Court, Appellate Term, First Department, March 9, 1933.

*James A. Doherty* [*Abraham Jame* of counsel], for the appellant.

*Harry D. Breslau* [*Herman Kreizvogel* of counsel], for the
respondent.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin*
and *Leon Freedman* of counsel], *amicus curiæ.*

FRANKENTHALER, J.  The action is by plaintiff, a taxi chauffeur,
employed by the Marsack Transportation Company, to recover
damages of the defendants National Transportation Co., Inc., and
Morris Schitzken for injuries sustained in the course of his employ-
ment.  Pursuant to the provisions of the Workmen's Compensation
Law plaintiff filed an election to sue these defendants.  Hearing

before the Bureau of Workmen's Compensation has been adjourned pending the outcome of this action against the third parties.

By chapter 259 of the Laws of 1932, there was added to section 138 of the Civil Practice Act — the section awarding preferences in civil actions — subdivision 21 as follows: "An action brought by a person injured in the course of his employment, who is entitled to compensation under the workmen's compensation law, and who elects to sue a third party who caused his injuries."

Pursuant to subdivision 3 of section 141 of the Civil Practice Act, plaintiff served a notice of preference together with notice of trial for the October, 1932, term, and on motion the preference was granted by setting the cause down for trial for a day certain at the October term.

Appellant contends that a preference should have been granted only over those issues which were noticed for the same term; that an interpretation of the amendment that it is mandatory upon the courts to grant preferences to causes coming within its scope over all issues on the calendar would render the law unconstitutional. (*Morse* v. *Press Publishing Co.*, 71 App. Div. 351; *Riglander* v. *Star Co.*, 98 id. 101; affd., 181 N. Y. 531.)

Prior to the amendment of the Civil Practice Act preferences in civil actions were provided for and regulated by sections 791–793 of the Code of Civil Procedure, which correspond with sections 138–141 of the Civil Practice Act.

By chapter 172 of the Laws of 1900 section 791 of the Code of Civil Procedure was amended so as to read, so far as applicable to New York county: " the application for a preference shall be made at the opening of the court,   *   *   *   and if it shall appear that the cause is entitled to a preference and is intended to be moved for trial at or for the term for which the application is made, the court may direct that it shall be so heard."

Construing the amended statute it was held that it was in the discretion of the court whether the case should be ordered for trial at the term at which the application was made or whether it should be merely given a preference over other causes noticed for the same term (*Morse* v. *Press Publishing Co., supra*), the court saying (p. 357): " The inherent power of a court to control its own calendar and determine the order in which its business shall be performed would be a reason why the Legislature should give the court discretion as to when a case, though entitled to a preference as to a term for which the case was noticed, should be taken out of its order on the calendar and disposed of."   In that case the preference had been granted in the court below and the Appellate Division said that " the court below having exercised

its discretion, we do not care to interfere with it, and the order should be affirmed."

In 1904 (Laws of 1904, chap. 173) section 793 of the Code of Civil Procedure was amended so as to read: " If it shall appear that the cause is entitled to a preference and is intended to be moved for trial at or for the term for which the application is made, the court or justice must designate a day certain, during that term, on which day the said cause shall then be heard; if there be two or more causes so designated for trial for the same day, the said causes shall be tried in the order of their date of issue." These provisions are identical with those of the Civil Practice Act, applicable to New York, Bronx and other counties.

In passing upon the 1904 amendment it was held (*Riglander* v. *Star Co.*, 98 App. Div. 101, 103) that the mandate of the Legislature " to try at that term and upon that day " was unconstitutional, *first,* because it attempted to deprive the courts of that judicial discretion which they have been always accustomed to exercise, and, *second,* since it might deprive a party of the opportunity to prepare for trial and have his witnesses present and judgment against the party under such circumstances would not be rendered by due process of law. VAN BRUNT, P. J., said (p. 105): " The courts are not the puppets of the Legislature. They are an independent branch of the government, as necessary and powerful in their sphere as either of the other great divisions. And while the Legislature has the power to alter and regulate the proceedings in law and equity, it can only exercise such power in that respect as it has heretofore exercised; and it has never before attempted to deprive the courts of that judicial discretion which they have been always accustomed to exercise."

The order of the court below granting a preference was reversed, and the motion denied.

While the *Riglander* case was affirmed in the Court of Appeals the only question brought up for review and passed upon in that court was certified as follows: " Has the court the power, when application is made under section 793 of the Code of Civil Procedure for a preference, in a cause mentioned in section 791, in its discretion or otherwise, to refuse to set the cause down for trial, for a day certain during the term for which the application is made, on which day the said cause must be tried? " and that question was answered in the affirmative.

While the statutory mandate that the case must be tried on the day certain for which it is set for trial does not deprive the court of power to refuse to try the case on that day, it would seem that the direction that the case be set down for trial for a day certain, subject of course to the power of the court to grant a reasonable

adjournment, is unaffected by the decisions and to be a valid exercise of legislative power.

Apart from the statute it appears to me that if the case presented be a proper one for preference the mere fact that the Legislature may have attempted to curtail the power of the court by ineffective directions as to the date of trial should not defeat the right of the party to a preference. In other words, if the court should agree with the Legislature that a certain class of cases which is preferred by statute is a proper class of cases for preference, the fact that the Legislature is of the same mind should not bar the preference.

But the decision in the *Morse Case (supra)*, made over thirty years ago, before the 1904 amendment, providing that the court " must designate " a day certain, is still the law in this department (*Yorkshire Ins. Co.* v. *Raw Fur & Skin Trading Co.*, 233 App. Div. 486), and this court is accordingly required to hold that under the 1932 amendment the plaintiff here could have a preference to the extent only of preferring the cause over other issues noticed for the same term. While, as pointed out in the case last cited, in the Supreme Court a party may be awarded practically the same preference as given by the statute by resorting to rule V, paragraph 1, of the New York County Supreme Court Rules, these rules are not applicable to the City Court, in which the present action was brought, and the rules of that court do not include a similar provision.

The 1921 amendment of section 138 granting a preference to " a cause entitled to a preference by the general rules of practice or by the special order of the court, in the particular case " is a recognition by the Legislature of the inherent power of the court to control its own calendar and to determine the order in which its business shall be performed. In this instance the Attorney-General, as *amicus curiæ*, contends that the granting of a preference (as distinguished from the nominal preference of preferring this cause over other issues of the same term) would expedite the work of the Department of Labor in handling compensation cases and further the policy of the law in affording prompt and efficient relief to injured employees, and that the right of subrogation of the State Insurance Fund and other insurance carriers may be prejudiced by having these third party actions remain on the calendars for perhaps more than the period of the Statute of Limitations.

We have here facts which, independent of the statutory mandate, would seem to justify the exercise of the inherent power of the court in awarding and sustaining the preference.

Order affirmed, with leave to appeal to Appellate Division.

All concur; present, LYDON, FRANKENTHALER and UNTERMYER, JJ.